ANGELINE DENHAM & others *vs.* COUNTY COMMISSIONERS
· OF BRISTOL.

A "private way for the use of one or more of the inhabitants" of a town, laid out by select-
men or county commissioners under the Gen. Sts. c. 43, §§ 59, 67, is subject to be used
by the public; and the laying out is valid, although the whole damages to the owners
of the land over which it is laid out are awarded to be paid by the person to whose house
it leads.

PETITION filed July 5, 1871, by the heirs of Calvin Denham,
for a writ of *certiorari* to quash proceedings of the county com-
missioners of Bristol laying out a private way across their land
under the Gen. Sts. c. 43, §§ 59, 67.* Hearing before *Ames*, J.,
who reported the following case for the determination of the full
court.

On July 23, 1870, Denham's heirs owned a tract of land in
Somerset, adjoining the messuage of William L. Slade upon one
side, and upon the opposite side adjoining a highway. On the
day named, Slade petitioned the selectmen to lay out a private
way, beginning at a point near his dwelling-house and running
south across the land of the Denham heirs to the highway. The
selectmen refused to do so; and thereupon Slade petitioned the
county commissioners. They gave due notice of the time and

---

* "SECTION 59. The selectmen of the several towns may lay out or alter
town ways for the use of their respective towns, and private ways for the use
of one or more of the inhabitants thereof; or may order specific repairs to be
made upon such ways.

"SECTION 60. A town, at a meeting regularly called for the purpose, may
discontinue any town or private way.

"SECTION 67. If the selectmen of a town unreasonably refuse or neglect to
lay out or alter a town way or private way, when requested in writing by one
or more of the inhabitants thereof, the [county] commissioners, on the petition
in writing of a person aggrieved, presented at any regular meeting within one
year, may cause such way to be laid out or altered, ascertain the place and
course of the way, and estimate the damages sustained by any person by rea-
son thereof. Such damages, with all costs of the proceedings, shall be paid
by the town, if it is a town way. If it is a private way, the damages and
costs, or such part thereof as the commissioners judge reasonable, shall be paid
by the persons for whose use it is laid out or altered, and the residue, if any,
by the town."

place for a hearing thereon; and the Denham heirs appeared at the hearing, and objected to the granting of the petition, upon the ground that Slade already had access to the highway by two private ways, one running east and one west from his dwelling-house, and a third way leading south therefrom " was not necessary, but was merely for the convenience of Slade in the use and enjoyment of his premises." But it appeared to the county commissioners that the two ways already existing, leading east and west respectively, were " very long, circuitous, impracticable, embarrassed by numerous bars and by the rights of other persons, and it would require a great and disproportionate expense to put and keep them, or either of them, in a condition requisite to suffice for their public use ; " that Slade, and those through whom he derived his title, had for more than forty years, by sufferance and by arrangement with the owners of the land now of the Denham heirs, used altogether, for access to the highway, a way similar to that which he now petitioned for; that the way petitioned for was " short and direct, and easily constructed," was " practically necessary for Slade and his farm, and all persons passing to and from the same," and would " cause no great or serious injury to the farm of the Denham heirs ; " and that an award of $300 as damages to the Denham heirs would be a full compensation for all their injury from the laying out of such a way, including all the expenses of fencing it. The county commissioners therefore on May 18, 1871, proceeded to lay out the way, twenty-five feet wide, across the land of the Denham heirs to the highway, awarded to the Denham heirs $300 damages to be paid by Slade, and ordered the inhabitants of Somerset to make and complete the way, according to certain specifications, on or before September 1, 1871.

The grounds on which it was sought to quash these proceedings of the county commissioners are stated in the opinion.

*E. H. Bennett,* (*H. J. Fuller* with him,) for the petitioners, cited *Taylor* v. *Porter,* 4 Hill, 140 ; *Baker* v. *Braman,* 6 Hill, 47 ; *Powers* v. *Bergen,* 2 Selden, 358 ; *White* v. *Clack,* 2 Swan, 230 ; *Osborn* v. *Hart,* 24 Wisc. 89 ; *Sadler* v. *Langham,* 34 Alab. 311 ; *Nesbitt* v. *Trumbo,* 39 Ill. 110 ; *Crear* v. *Crossly,*

40 Ill. 175 ; *Bankhead* v. *Brown*, 25 Iowa, 540 ; *Dickey* v. *Tennison*, 27 Missouri, 373 ; *Snyder* v. *Warford*, 11 Missouri, 513 · *In re Pocopson Road*, 16 Penn. State, 15 ; Anc. Chart. 127, 267, 269, 403, 459, 505, 612 ; St. 1786, *c.* 67 ; Report of Commissioners on Rev. Sts. 153 ; Gen. Sts. *c.* 43, § 59 ; *Talbot* v. *Hudson,* 16 Gray, 417 ; *Reynolds* v. *Reynolds*, 15 Conn. 83.

*T. M. Stetson,* (*J. M. Morton, Jr.,* with him,) for the respondents.

AMES, J. The petitioners contend that the way in this case is proposed to be laid out expressly for the use of a single individual, and not for any public use ; that the effect and purpose of the entire proceedings must be to compel them to sell an easement in their land to that individual for his private use ; and that such a proceeding is in conflict with the tenth article of the Declaration of Rights, according to which private property can only be taken by public authority for public use.

It is true that ways of this description are denominated " private ways," and that the Gen. Sts. *c.* 43, § 59, allow them to be laid out for the use of one person, who may be, and in this case is, ordered to pay the whole amount of the land damages thereby incurred. It appears to us however that such a way is not distinguishable in any other respect from a town way, properly so called. The easement or right of passage, created by laying it out, is not the private right of the individual for whose special accommodation it may have been laid out, nor is it meant exclusively for his individual travel. It is laid out on his petition ; but it is not his way, in the sense of belonging to him personally, or as one of the appurtenances or easements of the farm or estate with which it communicates. He has no power to close, alter, widen or control it ; and he has no right in it, except in common with all others who have occasion to pass over it. The public easement is exactly the same as it is in all other ways laid out by public authority.

All the different ways, which towns are authorized by law to lay out, are in truth public highways, for the public without discrimination has the right to use them. It is wholly immaterial by what name they are called. *Jones* v. *Andover*, 6 Pick. 59

*Parks* v. *Boston*, 8 Pick. 218. *Metcalf* v. *Bingham*, 3 N. H. 459. *Perrine* v. *Farr*, 2 Zab. 356, 362. Our system for the laying out and establishment of public roads recognizes three different kinds : 1, highways, technically and properly so called, which are laid out by county officers, and in which the land damages are paid from the county treasury ; 2, town ways, which may be laid out by town authorities, and in which the town is required to pay the land damages ; and 3, private or particular ways, in which the selectmen (or in case of appeal, the county commissioners) may order the whole or part of the land damages, as they deem reasonable, to be paid by the person or persons specially and peculiarly benefited by the laying out. In all these different kinds of ways, the towns are to pay all the expense of construction within their respective limits ; and as has been shown, all are public roads. The phrase " private ways for the use of one or more of the inhabitants," as used in § 59, was not intended to limit the easement or rights, created by the way, to particular individuals, but to describe them as a class of ways which the selectmen were empowered to lay out, in whole or in part, as to land damages, at the expense of the person or persons who would receive the greatest benefit from the construction. *Flagg* v. *Flagg*, 16 Gray, 175. *Perrine* v. *Farr*, 2 Zab. 356, 363. Such ways are laid out by public officers as branches of public roads, upon the implied ground (and in this case, upon the express adjudication of the county commissioners) that the common convenience and necessity require such laying out. They may be discontinued by public authority, without the consent and against the will of the person upon whose petition they were originally granted. We cannot say that it would be unreasonable or unlawful for the inhabitants of a town, or the county commissioners, if appealed to, to decide that the common convenience and necessity might require that the farm or dwelling-house, even of a single inhabitant, should be made accessible by a way open to public use, in order that all persons having occasion to visit it, for reasons of business, duty or friendship, should be able to do so without trespassing upon the lands of other persons. *Metcalf* v. *Bingham*, 3 N. H. 459.

Upon this view of the case, it appears that the taking of the petitioners' land was, in its legal effect, the same as if it had been taken for a town way, properly so called. There was a public exigency; the easement and use were to be public; and the construction was to be at the public expense. It is immaterial to whom the land damages were intended to be charged; and the way would be none the less public because it accommodates some individuals more than others. *Talbot* v. *Hudson*, 16 Gray, 417, 428.

The case of *Taylor* v. *Porter*, 4 Hill, 140, upon which the petitioners rely, is founded upon the peculiar language of a statute of the state of New York, which is widely different from our own. That statute provides that, upon application to the commissioners of highways of any town for a private road, a jury shall be summoned, who shall decide whether "such road is necessary," and if they so decide and certify, the commissioners shall proceed to lay it out; that the land damages shall be ascertained or assessed as if the same were a public highway; and that they shall be paid by the person applying for the road. The next section is in these words: "Every such private road, when so laid out, shall be for the use of such applicant, his heirs and assigns, but not to be converted to any other use or purpose than that of a road; nor shall the occupant or owner of the land be permitted to use the same as a road, unless he shall have signified his intention of so making use of the same, to the jury or commissioners who ascertained the damages sustained by laying out such road, and before such damages were so ascertained." See Rev. Sts. of N. Y. (5th ed.) part 1, c. 16, §§ 77–79. It is manifest that the terms of that section purport to give to the "applicant, his heirs and assigns," a perpetual easement, or right of way, in which the public have no share. So far from creating a public easement, it prevents even the owner of the soil, over which the way is laid, from having any right to pass or repass over it, or to make use of the way, without giving notice, before the damages are ascertained, of his intention to do so. In other words, he must pay for the right to use the way, by giving up a portion of the damages which the other party could be required to pay. The con-

Denham *v.* County Commissioners.

struction which the court put upon that statute appears to us to be fully justified by its terms. In delivering the judgment, Bronson, J., says : " The road is paid for and owned by the applicant. The public has no title to nor interest in it. No cit zen has a right to use the road as he does the public highway. He can only use it when he has business with the road owner, or some other lawful occasion for going to the land intended to be benefited by the road." " Even the owner of the land over which the road passes, unless he has given notice of such an intention before the damages are assessed, has no right to use the road for his own purposes, and if he does so, the owner of the road may have an action against him."

The cases cited from the reports of Tennessee and of Wisconsin depend upon statutes similar in every respect to the New York statute above quoted, and for that reason are inapplicable in our judgment to the present case.

The Illinois cases cited arose under a statute providing that private roads may be laid out, upon application of any individual, from the dwelling or plantation of any individuals to any public road, or from one public road to another, or from one lot of land to another, or from a lot of land to a highway, the damages to be paid by the applicant; and, when paid, the applicant, his heirs and assigns, " shall have the right to open said private road, and shall have the right of way upon the same forever thereafter, but not to be converted to any other use or purpose than that of a road." 3 Sts. of Ill. (ed. 1866) 257. This statute was held to provide for a mere private easement, and not for a public right; and for that reason was held to be unconstitutional.

Without following any further the examination of decisions by the courts of other states, which must of course depend upon local statutes, it is sufficient to say that our own statute, upon a fair construction, is not designed for the establishment of a mere private way, but for a road, which, though specially beneficial to a single individual, so as to render it just and reasonable that he should pay the whole or part of the land damages caused thereby, is nevertheless open to the public and subject to public control. Such a law it is within the power of the legislature to

enact. Whether a town would be legally bound to keep such a way in repair, or liable for damages resulting from its defects or want of repair, is a question which we are not at present called upon to decide. See Gen. Sts. *c.* 43, §§ 62, 63.

It only remains to be said that the terms of the statute, and the uniform course of our decisions on the subject, plainly import that these " private ways " are private only in name, but are in all other respects public ; and that for that reason the objections which have been urged by the petitioners upon the ground of a supposed violation of constitutional rights cannot be maintained.

*Petition dismissed.*