CROCKER v. COLLINS.

1. DEMURRER—INACCURACY IN NAME.—If the name of the defendant, a municipal corporation, is not correctly stated in the complaint, demurrer is not the proper mode of objecting.

2. IBID.—MOTION TO MAKE MORE DEFINITE.—The allegations of this complaint were sufficient to show that the acts complained of were done by the executive officer of the defendant corporation ; if more distinctness and particularity was desired of defendant, motion to that end, and not demurrer, was the proper mode of procedure.

3. IBID.—STATEMENTS OF COMPLAINT.—The question, whether title to a street or public alley of a town can be acquired against the town by adverse possession, cannot be raised by demurrer, where there is no allegation in the complaint that the land in dispute had ever been, in fact, a street or alley.

4. MUNICIPAL CORPORATION—STREETS—ADVERSE POSSESSION—ESTOPPEL.—Inasmuch as a municipal corporation has no right to alien its public streets and ways, no presumption of a title once acquired thereto from the corporation can arise. Therefore, the adverse holding of a street or alley for the statutory period gives no title as against a town to the adverse holder, but such holding, if accompanied with other circumstances, may operate to estop the town from now asserting its right to the use.

5. IBID.—IBID.—ABANDONMENT.—Upon the same principle, mere non-use by the town of a street or alley for twenty years will not amount to such abandonment as would destroy the rights of the public to their renewed use.

Before NORTON, J., Beaufort, June, 1891.

Action for injunction by Daniel W. Crocker against Joseph W. Collins, intendant, and the wardens, constituting the town council of Beaufort, commenced January 1, 1891. The decree of the Circuit Judge was as follows:

Martha A. Barnwell owned a lot in the town of Beaufort in 1860, which was afterwards seized by the U. S. direct tax commissioners. She redeemed and took a formal release for lot "G," block "69," according to the U. S. direct tax commissioners' plat of the town of Beaufort, 11th March, 1874, which is claimed by defendants to represent the whole of said lot. On 4th August, 1890, Martha A. Barnwell conveyed to plaintiff lots "F" and "G," in block "69," upon the map of the town of Beaufort, made by the U. S. direct tax commissioners. Martha A. Barnwell is not shown to have had any paper title to lot "F."

Three plats of this lot are introduced in evidence. One by plaintiff, which shows lot "G" in the s. w. corner of the block, and "F" just north of it. This plat purports to be a private copy of the U. S. direct tax commissioners' plat, and is proven to have been the paper from which the description in plaintiff's deed was taken. The second is the U. S. direct tax commissioners' plat, which differs from the first in several particulars, those most material to this case being, that the small lot on the first, which is marked "F," has no description on this, and the lot east of "G" is designated as "F." The third plat appears to be an old one, and is dated in 1820. Upon it the lot

conveyed to plaintiff as "F" appears as an alley-way, the only open connection between two lots, in the interior of the block, and any street. Both of the other plats represent the end of this alley next to the street as closed.

The evidence, I think, authorizes the presumption of a grant from the State for lot "F" of plaintiff's deed. Plaintiff is in possession of lot "F," and began to build upon it, when defendants notified him that it was an alley of the town, and that if he continued to build, they would tear down the building, accompanying the threat with such demonstration, that he was authorized to fear its execution, whereupon he commenced this action, 1st January, 1891, for a perpetual injunction. The issues are, whether one can acquire title to an alley-way in a town by ten years' adverse possession ; and, if so, whether Martha A. Barnwell held such possession for so long before her conveyance to plaintiff, or whether twenty years non-user of such a way is an abandonment of it.

Martha A. Barnwell, 11th March, 1874, had lot "F," the alley, under fence, with one or more buildings thereon, and prior to 1879, resisted a proposition to open it. Her possession was adverse for more than ten years prior to her sale to plaintiff. It was not used as an alley-way for more than twenty years before the assertion, in 1890, of right by defendants. *Bowen* v. *Team*, 6 Rich., 298, settles, that ten years adverse, actual obstruction of a right of way by the owner of the soil over which it passes, bars, under the statute of limitations, the right to the easement, and I conclude, that twenty years non-user presumes the abandonment of an easement, such as a right of way. See *Hutto* v. *Tindall*, 6 Rich., 396 ; *Parkins* v. *Dunham*, 3 Strob., 224. I think the street in the town of Beaufort subject to the same presumption and bar. The action is maintainable.

It is ordered and adjudged, that the defendants, as intendant and wardens of the town of Beaufort, their agents and servants, and their successors in office, be perpetually enjoined from interfering with the plaintiff, his heirs and assigns, in the lawful occupation and enjoyment, freed from the easement

42—37

claimed, of the lot now in his possession, which was formerly an alley, conveyed to him by Martha A. Barnwell as lot "F."

Defendants appealed.

*Mr. W. J. Verdier*, for appellant.

*Messrs. Elliott & Townsend*, contra.

October 1, 1892.  The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER.  This action was brought for the purpose of enjoining the defendants from entering upon certain premises in the town of Beaufort, claimed by the plaintiff, and from pulling down, destroying, or otherwise injuring the buildings standing on said premises.  By consent, the testimony was taken by a special master and reported to the court, and the case came on for hearing before his honor, Judge Norton.  After the pleadings were read, the defendants interposed an oral demurrer, upon the ground that the facts stated in the complaint were not sufficient to constitute a cause of action. The demurrer was overruled, and the defendants excepted, giving oral notice of appeal.  Thereupon the Circuit Judge stated that defendants were entitled to a stay, but the defendants, waiving this right, consented to proceed, and the case was heard upon the merits.  Subsequently the judge rendered his decree, granting a perpetual injunction as prayed for, and defendants appealed as well from the order overruling their demurrer as from the final judgment granting the injunction.

To determine the question as to the demurrer, it will be necessary to consider the allegations of the complaint, which are substantially as follows: The plaintiff, complaining of the defendants above named, a municipal corporation created by the laws of this State, alleges:

1st. That on the 1st day of January, 1880, and for many years prior thereto, Martha A. Barnwell was seized and possessed of "all that certain lot or lots of land, situate in the town of Beaufort," &c., "and continued in adverse, quiet, and peaceable possession of the same" until the 4th of August, 1890, when she sold and conveyed the said premises to the

plaintiff, who has been ever since seized and possessed of the same.

2d. That plaintiff and his grantors have been in adverse possession of said premises prior to and ever since the year 1867, the same having been enclosed by a fence during all that time; and during all that time no street or alley-way has been used or opened through said premises.

3d. That on the 1st of October, A. D. 1890, the defendant Collins was intendant, and the defendant Christensen and others (naming them) were wardens, and as such the said intendant and wardens constituted, and still are, the "Town Council of Beaufort."

4th. That on the 18th of October, 1890, the plaintiff was erecting a dwelling house and other structures upon said premises, which work and the materials used cost him one hundred and fifty dollars.

5th. That on or about the 18th of October, 1890, John Green was marshal of the town of Beaufort, the agent and employee of the defendants, and as such did on that day, at the direction, and in accordance with the instructions, given to him by the defendants, enter upon said premises, and ordered the workmen employed by plaintiff in erecting said building to discontinue their work, and threatened to arrest them if they should proceed.

6th. That on the 28th of October, 1890, the said Collins, as intendant, informed plaintiff that he objected to the erection of said buildings, because he claimed the same to be on an alley, which was the property of the town of Beaufort, and threatened to enter upon said premises and pull down and remove said buildings, under and by virtue of the powers conferred upon the defendants in relation to streets.

7th. That if said threats are carried out, the damage to plaintiff will be irreparable—that a number of suits would be necessary to recover damages sustained by him.

Wherefore, an injunction is demanded, restraining defendants from pulling down and removing said buildings, and from committing any other trespass upon the said premises.

The first ground upon which the demurrer was rested is that it does not state the name of the municipal corporation of which

the defendants are alleged to be officers. We do not think there is anything in this purely technical objection.. *Neely* v. *Yorkville*, 10 S. C., 141. If there was any error in fact in stating the correct name of the municipal corporation, such error would not constitute any ground for demurrer, but should be corrected by some other mode of proceeding.

The next ground upon which the demurrer is rested seems to be that there is no sufficient allegation that the acts complained of were done or threatened by any officer of the municipal corporation. We do not think this ground can be sustained; for it seems to us that the allegations contained in the complaint, if true, are sufficient to show that the acts complained of were done by the executive officer of the town council under the authority of that body, and if there is any want of particularity or distinctness in the statements found in the complaint, that should be remedied by a motion to make the allegations more definite and distinct, and not by a demurrer.

The next ground relied upon to sustain the demurrer is that the plaintiff's claim of title rests only upon adverse possession, and this cannot confer title as against the public, represented by the municipal corporation of which defendants are the officers. If the complaint had set forth the fact that the premises in question originally constituted one of the public streets or alleys of the town of Beaufort, to which the plaintiff had acquired a title by adverse possession, then it would be necessary for us to decide, under the demurrer, the very grave and important question, whether title can be acquired by a citizen against the public by adverse possession. But it will be observed that there is no such allegation in the complaint. It does not appear from anything there stated that the parcel of land, which is in question, ever was either a street or alley of the said town. The most that does appear is that one of the defendants, as intendant, "informed plaintiff that he objected to the erection of said buildings, because *he claimed* them to be on an alley, which was the property of the town of Beaufort." There is no admission of the fact, either express or implied, in the complaint, that the parcel of land to which the

plaintiff claimed title by adverse possession ever was a street
or alley of the said town; and hence the question as to whether
title can be acquired to one of the public streets or alleys of a
town by adverse possession, does not properly arise *under the
demurrer.* We do not think, therefore, that there was any error
in overruling the demurrer.

Turning, then, to the errors imputed to the Circuit Judge in
rendering his decree, after hearing all the testimony and argu-
ment of counsel, it seems to us that, passing by the sev-
eral errors imputed to the Circuit Judge in his findings
of fact, which, under the view we take of the case, it
would be improper for us now to consider, the fundamental
inquiry is, whether the judge erred in holding that title could
be acquired to a public street or alley in a town by ten years'
adverse possession, and whether twenty years' non-user of such
a highway is an abandonment of it. This subject is discussed
with much learning and ability by Judge Dillon in his valuable
work on Municipal Corporations, 2d vol., sections 529–533,
where, after showing that there has been a conflict of decision,
he concludes that the following view is correct: "Municipal
corporations, as we have seen, have, in some respects, a double
character—one public, the other (by way of distinction) private.
As respects property not held for public use, or upon public
trusts, and as respects contracts and rights of a private nature,
there is no reason why such corporations should not fall within
limitation statutes, and be affected by them. For example, in
an action on contract or for a tort, a municipal corporation
may plead, or have pleaded against it, the statute of limitations.
But such a corporation does not own, and cannot alien, public
streets or places, and no *laches*, on its part or that of its officers,
can defeat the right of the public thereto; yet there may grow
up, in consequence, private rights of more persuasive force in
the particular case than those of the public. It will, perhaps,
be found that cases will arise of such a character that justice
requires that an equitable estoppel shall be asserted even against
the public, but if so, such cases will form a law unto them-
selves, and do not fall within the legal operation of limitation
enactments. The author cannot assent to the doctrine, that,

as respects public rights, municipal corporations are within ordinary limitation statutes. It is unsafe to recognize such a principle. But there is no danger in recognizing the principle of an estoppel *in pais* as applicable to such cases, as this leaves the courts to decide the question, not by the mere lapse of time, but, by all the circumstances of the case, to hold the public estopped or not, as right and justice may require."

In this State, we have no authoritative determination of the question (unless it be in the case of *Owens* v. *Lucas,* 1 Brev., 519, where, however, the exact point was not decided, though the case does lend some support to our view), for the cases of *Parkins* v. *Dunham,* 3 Strob., 224, *Bowen* v. *Team,* 6 Rich., 298, and *Hutto* v. *Tindall, Ibid.,* 396, cited by the Circuit Judge, as well as the case of *Barnwell* v. *Magrath,* 1 McMull., 173, were all cases between private individuals, where the question with which we are concerned could not arise. It is true, that, in the case of *The State* v. *Pettis,* 7 Rich., 390, the question under consideration might have been made, but it was not, perhaps, for the reason that the case went off upon another ground. In the absence, then, of any authoritative decision in this State, we are disposed to adopt the rule as laid down by Judge Dillon, *supra,* because it seems to us to have the support of reason. As we understand it, the theory upon which title by adverse possession rests is, that such possession for the required time affords a legal presumption that a title has been made, but has been lost ; but where the party, against whom title is asserted by adverse possession, never had the power to make a title, there is no room for such a presumption ; and this doctrine seems to have been impliedly recognized in *Lamb* v. *Crosland,* 4 Rich., 536, though that is not the point decided in that case. Now, as a municipal corporation has no power to sell or alien the streets or alleys of a town, it would be altogether illogical to presume that it had done what it never had the power to do.

We think, therefore, that mere adverse possession, for the statutory period, of a street or alley in a town, which is a public highway, cannot confer a title. But where such possession is accompanied with other circumstances, which would render

it inequitable that the public should assert its rights to regain possession, then, upon the principle of estoppel, a party may be protected against the assertion of right by the public, in order to prevent manifest wrong and injustice. For example, when a party, either under an honest conviction of right, has taken possession of a portion of one of the streets or alleys of a town, and expended his money in erecting buildings thereon, without interference on the part of the public, these or, perhaps, other circumstances, connected with adverse possession for the statutory period, may afford good ground for estoppel.

Upon the same principles, we do not think mere non-user of a street or alley of a town, for the period of twenty years, will amount to such an abandonment as would destroy the rights of the public. The case of *The Commissioners* v. *Taylor*, 2 Bay, 282, which is cited to sustain a contrary view, does, at page 292, contain a remark, that, to an indictment for a nuisance in obstructing a highway, *non-user* would be a good plea; but that is manifestly a mere *obiter dictum*, and is not applicable anyhow, for it was made in reference to a case where the streets in question were never laid off, or opened, or used, by the public, but simply delineated on a plat of a prospective addition to the town of Georgetown, which was never, in fact, made.

It seems to us, therefore, that the Circuit Judge erred in holding otherwise, and that, for this reason, the case must go back for a new trial upon the principles herein announced.

The judgment of this court is, that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.