### HARMAN v. SOUTHERN RY.

1. RAILROADS—NOTICE.—DEED construed to convey to railroad company such rights as it would be presumed to have acquired under its charter, and although unrecorded, a subsequent purchaser of the tract had constructive notice of the right of way of the railroad company or of such facts as would put on inquiry from the maintenance and operation of the railroad over the lands.

2. IBID.—ADVERSE POSSESSION.—Owner of land over which a railroad company has an easement may use it for any purposes subject to the easement, and by the use of land included in such easement for the statutory period in a manner incompatible with use by railroad company for railroad purposes, a party may obtain title to a part of the company's right of way by adverse possession, but there are no facts in this case warranting the application of this doctrine here.

Before WATTS, J., Richland, July, 1904.    Affirmed.

Action by Frederick Harman against Southern Railway.
From judgment for defendant, plaintiff appeals on following
exceptions:

"1. Because his Honor erred in charging the jury as fol-
lows: 'Now, I charge you as a matter of law, that the de-
fendant here, a corporation duly incorporated under the laws
of this State, if it is the Greenville and Columbia Railroad,
then under the act of the legislature of 1845, I believe it is, it
gave to that railroad an easement, right of way, over the land
of anybody it ran through for one hundred feet on each side
from the center, for railroad purposes alone.'    Thereby
giving the jury to understand that if the Greenville and Co-
lumbia Railroad Company, under which the defendant com-
pany claimed, built or ran its railroad through the tract of
land described in the complaint, it thereby acquired under
the act of 1845 (11 St., 348), a right of way over said land
for one hundred feet on each side from the center of its
road; whereas, he should have charged them that this would
have been the case only in the absence of any written contract
with the owner of the land.    (Act of 1845, 11 St., p. 352,
sec. 11.)

"2. Because his Honor erred in charging the jury as fol-
low : 'So, if you believe that the Greenville and Columbia, or
Columbia and Greenville Railroad, ran through the land
which Harman now claims that he is the owner of, and that
they built that road under the charter of 1845, or if they got
the easement or right of way from the owners of the land at
that time—Harman does not claim it was his then, as the
deed he has introduced shows he got the land about 1880 or
1881; but if it is the same land, and if the owners of it in
1845 gave to the Greenville and Columbia Railroad the right
of way over there, and the Southern absorbed the Greenville
and Columbia Railroad and are now the owners of that rail-
road, and operating that railroad, I charge you as a matter of
law, while the title to the land may be in Harman, it is subject

to the easement of the Southern Railroad, that is, the South-
ern has the right to one hundred feet from the center of the
track for railroad purposes.' Thereby giving the jury to
understand that if the Greenville and Columbia Railroad
Company acquired a right of way over said land by contract
with the then owner, such right of way measured one hun-
dred feet on each side of the road from the center thereof,
without regard to the terms of the contract and without
regard to whether it had been recorded, or whether the
plaintiff, Harman, was chargeable with any knowledge or
notice thereof; whereas, he should have charged them that in
case of a written contract with the owner, the extent of the
right of way would in the first instance be controlled by the
terms of the contract, but that no such contract would be
valid against a subsequent purchaser for value without notice
unless recorded.

"3. Because his Honor erred in charging defendant's first
request to charge, as follows: 'Under the pleadings in this
case, the plaintiff is required to show that he has such title
in the land upon which the fence in question is located, and
right to the possession thereof, as would make the acts
alleged in the complaint, a trespass thereon. To do so, he
must show that he has title in fee or such an estate as would
give him exclusive right to the use thereof as against any
rightful claim or title of the defendant.' Thereby giving the
jury to understand that plaintiff could not recover unless his
right to the use of the land on which the trespass was alleged
to have been committed was exclusive of any right of the
defendant to the concurrent use of the same; whereas, he
should have charged the jury that even if the land on which
the trespass was alleged to have been committed lay within
the limits of the defendant's right of way, yet the owner of
such land was also entitled to use it for any purpose not
incompatible with defendant's easement thereon, and that
if the alleged trespass amounted to an interference with this
right of the owner, it would, if established by the evidence,
entitle him to recover.

"4. Because his Honor erred in charging defendant's second request to charge, as follows : 'Under the deed of con- veyance of right of way from L. E. Folk to Greenville and Columbia Railroad Company, introduced in evidence, I charge you that said company, and its successor or success- ors, have the right to the use of one hundred feet on each side of the railroad track through the lands referred to in said deed of conveyance, free from any and all obstructions inconsistent with the use of same for railroad purposes, unless the same be put there with the consent of said railway company, or its successor or successors.' Thereby giving the jury to understand that, under the said deed of convey- ance from L. E. Folk, the Greenville and Columbia Railroad Company, and its successor or successors, had a right of way measuring one hundred feet on either side of the railroad track, absolutely and without regard to whether a lesser width might not have been sufficient, and also without regard to whether the said deed had been recorded, or whether the plaintiff was chargeable with knowledge or notice thereof ; whereas, he should have charged them that under said deed said company and its successor or successors had acquired a right of way of such width only, not exceeding one hun- dred feet, as might be sufficient for the purposes therein stated, but that even then such deed would not be valid against the plaintiff if they believed from the evidence that he was a subsequent purchaser of the land for value without knowledge or notice of such deed of conveyance.

"5. For that his Honor erred in charging the jury defend- ant's fourth request, as follows : 'The theory upon which title by adverse possession rests, is that such possession for the required time affords a legal presumption that a title has been made, but has been lost ; but where the party, against whom title is asserted by adverse possession, never had the power to make a title, there is no room for such presumption. Now, as a railroad company has no power to sell or alien any part of its road-bed, track or right of way, it cannot be presumed that it had done what it never had the right to do.

Therefore, title by adverse possession cannot be acquired to such road-bed, track or right of way, or part thereof.' The error consisting in his Honor's charging the jury, that title to any part of the defendant's right of way could not be acquired by adverse possession.

"6. Excepts because his Honor erred in charging defendant's ninth request as follows: 'The plaintiff cannot acquire title by adverse possession to the right of way actually covered by the track of the defendant, or to any land or lands necessary to the operation or maintenance of its railroad under its charter.' The error consisting in charging that title by adverse possession to any part of the right of way or land necessary to defendant's railroad could not be acquired by plaintiff."

*Messrs. Andrew Crawford* and *J. S. Muller,* for appellant, cite: *Defendant was liable for tearing down any part of plaintiff's fence outside of the right of way:* 63 S. C., 269; 60 S. C., 389; 20 S. C., 263. *Deeds to real estate must be recorded to bind subsequent purchasers:* 7 Stat., 232; Rev. Stat., 1872, 422; 15 Stat., 5; 16 Stat., 92; Gen. Stat., 1882, 1776; Rev. Stat., 1893, 1968; Code, 1902, 2456; 13 Stat., 384; 5 S. C., 146; 1 McC., *268. *Owner of land has right to use it in any way not incompatible with use of railroad:* 63 S. C., 266; 60 S. C., 389; 20 S. C., 263.

*Messrs. B. L. Abney* and *E. M. Thomson,* contra.

July 18, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts are thus set out in the argument of the appellant's attorneys:

"This action was commenced September 14, 1903, by the service of the summons and complaint on the defendant. The complaint alleges (par. 1), the corporate capacity of the defendant; (par. 2) plaintiff's ownership and possession of the tract of land described in the complaint; (par. 3) defendant's ownership and operation of the railroad known

as the Columbia and Greenville Railroad, running through said tract of land (par. 4) the unlawful and wilful entry of defendant on said tract of land, and its unlawful and wilful cutting down, digging up and destruction of plaintiff's pasture fence.

"Defendant's answer admits the allegations of par. 1 and par. 3 of the complaint, but denies the allegatons of par. 2 and par. 4.

"Plaintiff introduced evidence tending to show his title to and ownership of the land described in the complaint, under two deeds of conveyance thereof from J. B. Fellers, judge of probate, dated in 1880 and 1881, and purporting to have been made in pursuance of a decree of Court for the sale of the real estate of L. E. Folk, deceased; that he had a pasture on the land, the railroad running through the pasture on a trestle, and the pasture fence of the plaintiff running under the trestle between the uprights of the trestle; that on or about June 20, 1903, the pasture fence was torn down by defendant for about twenty-five or thirty feet, on each side of the tract.

"Defendant introduced the following evidence, to wit: (1) deed of conveyance, without probate and without certificate of record indorsed thereon, from L. E. Folk, under whom the plaintiff claimed, to the Greenville and Columbia Railroad Company, as follows:

" 'The State of South Carolina.

" 'Whereas, the Greenville and Columbia Railroad Company are about locating their road; ;and whereas, its passage over the land of the undersigned may greatly benefit them:

" 'Therefore, know all men by these presents, that the undersigned, in consideration of the premises, have given, granted and released, and by these presents do give, grant and release to the said Greenville and Columbia Railroad Company, the right of way of sufficient width for the track, cuts and embankments of the said road, as also for turnouts, and all other extensions and enlargements, or repair of the same from time to time, not to exceed 100 feet on each side,

with the right to use the earth, stone and timber within the said tract, for the construction, extension or repair of the same road.

" 'In witness whereof, the undersigned have subscribed their names and affixed their seal, as of and on the 17th day of August, A. D. 1848.   L. E. Folk. (L. S.)

" 'Signed, sealed and delivered in the presence of Wm. Spencer Brown.'

"(2) A number of other deeds, establishing a complete chain of title from the Greenville and Columbia Railroad Company to Southern Railway Company; and it was agreed by counsel that said Southern Railway Company is successor to all the rights, privileges and franchises of Greenville and Columbia Railroad Company, and Columbia and Greenville Railroad Company, including the right of way and other rights conveyed by the said deed from L. E. Folk to the Greenville and Columbia Railroad Company, of date August 17, 1848.

"(3) The charter of the Greenville and Columbia Railroad Company, 11 Stat., 348-356.

"The eleventh section of this charter (act of 1845, 11 St., 352), reads as follows:

" 'That in the absence of any written contract between the said company and the owner or owners of land, through which the said railroad may be constructed, in relation to said land, it shall be presumed that the land upon which the said railroad may be constructed, together with one hundred feet on each side of the centre of said road, has been granted to the said company by the owner or owners thereof, and the said company shall have good right and title to the same,' &c., &c.

"In reply, the plaintiff, Harman, testified that he never had any knowledge or notice of the deed from L. E. Folk to the Greenville and Columbia Railroad Company concerning the right of way.

"It also appeared in evidence, in reply, that this deed had never been recorded."

The jury rendered a verdict in favor of the defendant, and the plaintiff appealed upon exceptions, which will be incorporated in the report of the case.

Our construction of the deed is, that it was the intention of the grantor to convey such rights, to the full extent, as the railroad company would be presumed to have acquired, under the statute, in the absence of a written contract, between the company and the owner of the land, through which the railroad was constructed. The plaintiff cannot be regarded as a purchaser for valuable consideration without notice of the railroad company's right of way, because he had actual notice that the railroad was being operated through said land, at the time of his purchase, and he had constructive notice, or is presumed to have known, that the company's right of way, in the absence of a written contract, extended one hundred feet on each side of the centre of its track. In any event, he had knowledge of such facts as were sufficient to put him on inquiry, which, if pursued with due diligence, would have led to knowledge of the company's rights, and this is the equivalent of notice.

The request set out in the third exception, must be considered in connection with that portion where his Honor, the presiding Judge, charged that "if Harman is the owner of the land, he had a right to use it for pasture purposes, or for any purpose he saw fit and proper, subject to the right of the railroad to operate its road through there;" also, that "they have no right to go in there and destroy any property of Mr. Harman, they have no right to remove any property in there, unless strictly for the purpose of repairing and maintaining and operating that road-bed." When the request which was charged, is considered in connection with the other portions of the charge, it will be seen that it is free from the error assigned.

These views dispose of all the exceptions, except the fifth and sixth, which raise the question whether the plaintiff could claim a part of the defendant's right of way, by adverse possession. The doctrine is thus stated in *Railway*

*Company* v. *Beaudrot,* 63 S. C., 266, 41 S. E., 299, and affirmed in *Hill* v. *Ry.,* 67 S. C., 548, 552, 46 S. E., 486, to wit:

"It appears in the 'Case' that the defendant had erected within the alleged right of way a substantial fence enclosing what defendant claimed exclusive of any right therein by plaintiff. Such an assertion of right to exclusive occupancy of the land is not compatible with the right of easement belonging to the plaintiff. If such adverse holding should run for the statutory period, the easement would be defeated. We do not say that the mere use or occupation of land, within the right of way acquired by a railroad company, is such adverse use as would give currency to the statute of limitations, unless the use is inconsistent with the easement; but we do say that the enclosing of land within the right of way, under a claim of exclusive right to use and occupation, and a refusal to remove the enclosure after demand therefor, is some evidence of the assertion of a claim, incompatible with plaintiff's alleged easement, which, under the issues raised, ought to have been submitted to the jury."

In the case of *Matthews* v. *Ry.,* 67 S. C., 499, 508, 46 S. E., 335, the Court had under consideration the question whether the public could acquire a prescriptive right to travel over the right of way of a railroad corporation, and decided that it could not. The following language in that case shows that it was not intended to affect the doctrine announced in *Railway Co.* v. *Beaudrot,* 63 S. C., 266, 41 S. E., 299, viz: "It should be observed, the conclusion that the public cannot acquire a way on a railroad right of way by prescription, which is founded on the presumption of a deed, does not imply that title to portions of the right of way may not be acquired by adverse possession, which is founded on possession hostile to the true owner. Neither adverse possession nor the doctrine of equitable estoppel, referred to in *Crocker* v. *Collins,* 37 S. C., 333, 15 S. E., 951, is involved in this case."

The principle settled in *Railway Company* v. *Beaudrot,*

*supra,* cannot be applied in this case, for the reason that there was no testimony, from which it could be inferred that the plaintiff had acquired a title to the defendant's right of way by adverse possession.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.