CHARLES K. MUNROE & others *vs.* WORTHINGTON PUMP
AND MACHINERY CORPORATION.

Suffolk.    November 15, 1922. — May 31, 1923.

Present: RUGG, C.J., DECOURCY, CROSBY, & CARROLL, JJ.

*Way,* Public: establishment; Private: extinguishment by adverse use.    *Adverse Use.*

Provisions in St. 1861, c. 62, the charter of East Cambridge Land Company, and in St. 1874, c. 99, the charter of Cambridge Improvement Company, giving to those corporations, respectively, authority " to lay out streets and passageways " upon land to be improved by them, did not give them authority to lay out public ways, but only the power, possessed by individuals, to build streets on their own land.

The provisions of R. L. c. 53, § 1 (see now G. L. c. 86, § 2), relate only to public ways or to statutory private ways laid out under public authority, which are " private only in name but are in all other respects public;" and do not apply to streets laid out by the corporations under the charters above described.

A petition for the registration of title to a parcel of land bounded by a certain way, together with a right of way over the way extended through land of a respondent, cannot be maintained where, upon findings of fact by the trial judge, it appears that, even if such a right of way appurtenant to the land of the petitioner ever existed, it was a private way and was extinguished by adverse use by the respondent for more than twenty years.

PETITION, filed in the Land Court on January 22, 1921, for registration of the title to land in that part of Cambridge known as East Cambridge, bounded by Second Street, by Binney Street, by Third Street and by Rogers Street, with a right of way appurtenant thereto on the course of Rogers

Street extended westerly through land of the respondent to Ninth Street.

The petition was heard by *Davis*, J. Material findings by the trial judge are described in the opinion. His conclusions were as follows:

" I find no easement in Rogers Street over land of the respondent Worthington Company appurtenant to land of the petitioners by grant, express or implied, by estoppel, layout or prescription; and if there ever was any easement as claimed I find that it has been extinguished by adverse use and occupation. I am unable to see that the forty year statute is in any way pertinent to the present case.

" From Fifth Street west to Ninth Street the Rogers Street strip is occupied by tracks and various other obstructions. It would be possible to get through on foot, but not with a team. There is no evidence of user as appurtenant to land of the petitioners.

" There may be a decree for the petitioners, with an appurtenant right of way over Rogers Street easterly to Commercial Avenue in common with others entitled thereto."

The petitioners alleged exceptions.

*H. R. Bailey*, (*E. B. Church* with him,) for the petitioners.
*C. N. Barney*, (*W. A. Dane* with him,) for the respondent.

CARROLL, J. This is a petition for the registration of land in East Cambridge, bounded by Second, Binney, Third and Rogers streets. The Land Court found that the petitioners have title to the tract of land claimed by them on Rogers Street east of Third Street, and a right of way over this street easterly from Third Street. The petitioners also claim that they have a right of way in common with others over Rogers Street west of Third Street. The Land Court found that there was no easement in Rogers Street west of Third Street over the land of the respondent appurtenant to the land of the petitioners; that if an easement as claimed ever existed, it has been extinguished by adverse use and occupation, and that the forty year statute was in no way pertinent to the case. The case is before us on the petitioners' exceptions.

The respondent, The Worthington Pump and Machinery

Corporation, owns the land through which the petitioners claim Rogers Street runs to the west of Third Street. Prior to 1889 the title to the entire tract owned by the respondent, was acquired by its predecessor in title, through the East Cambridge Land Company the owner of land west of Third Street, including the tract over which the petitioners assert that Rogers Street existed. The petitioners show no claim of title under the East Cambridge Land Company. By St. 1861, c. 62, the East Cambridge Land Company, herein-after called the Land Company, was incorporated with the power to purchase, hold and sell certain land in Cambridge, with authority to construct dams, docks, wharves, and buildings, and to lay out streets and passageways and other-wise to improve the land. A plan belonging to the Land Company, made in 1869, recorded in registry of deeds, showing the land between Court and Ninth streets, divided into blocks by crosswise streets, including Rogers, Bent and Binney streets, was in evidence. The Munroe heirs were stockholders in the Land Company. They conveyed in 1872 to one Woodbury land between Court (now Third) and Second streets, shown on the plan drawn on the deed and recorded therewith, which shows Rogers Street and indi-cates it as continuing westerly from Court Street. The petitioners claim title under Woodbury. Rogers Street continued to be shown on plans of the Land Company and its successors in title, and deeds of the several tracts now owned by the respondent were drawn with reference thereto and bounding on Rogers Street. Title to all these lots, " conveyed at various times by different parties by deeds under which easements in Rogers Street unquestion-ably existed as between the parties, was . . . eventually acquired, so far as the block between Third, Binney, Fifth and Bent streets is concerned, by the respondent Worthing-ton Company." Woodbury, after acquiring title from the Munroe heirs to all but two lots within the limits of the lots now owned by the petitioners, gave a mortgage to Charles W. Munroe; and the petitioners' title comes under a fore-closure of this mortgage in 1879. The title to the two lots above referred to do not affect the question in controversy.

The Cambridge Improvement Company, hereinafter called the Improvement Company, incorporated by St. 1874, c. 99, took title from Woodbury after the mortgage to Munroe had been given. It acquired a large tract of land easterly of Third Street. The foreclosure of the mortgage, according to the ruling of the Land Court, "racked the title of the Improvement Company;" but the existence of Rogers Street easterly from Second Street as shown in the deeds and plans of the Improvement Company, was not controverted.

In 1880 railroad tracks ran through Rogers Street from Ninth Street to Third Street. In 1891 and 1893 the respondent's predecessors built a fence along the westerly line of Third Street, barring all access to their property from Third Street except through Second and through gates on Rogers Street. The fence has been maintained from that time to the present. Twenty-five years ago a covered passageway between the respondent's buildings was erected across the Rogers Street strip ·and has since been maintained. The space between the respondent's buildings on either side of Rogers Street has been used as a yard for temporary storage purposes and their occupation of Rogers Street west of Third Street for over twenty years has been open, exclusive and adverse to any other interests, and " has been not only inconsistent with the existence of any easement, but absolutely preventive of the exercise of any easement," and so open that the petitioners ought to have known of it.

As stated in the decision by the Land Court, " The petitioners contend that Rogers Street was laid out under the provisions of the statute; that it was therefore subject to be used by the public; and that the public easement could not be extinguished by less than forty years of adverse use." R. L. c. 53, § 1.   See G. L. c. 82, § 2.

The strip called Rogers Street was never in fact a public way. The Land Company, under the statute by which it became a corporation, had authority to lay out streets and passageways, as did also the Improvement Company. In granting these charters the Legislature did not intend to give to a private land company the right to act for the

public to lay out public highways and impose on the city the care and maintenance of them.  Rogers Street had never been laid out, established or accepted by the city, as required by law, and it never became a public way.  *Morse* v. *Stocker,* 1 Allen, 150, 154.  *Hayden* v. *Stone,* 112 Mass. 346, 351. *Guild* v. *Shedd,* 150 Mass. 255.  See *Denham* v. *County Commissioners,* 108 Mass. 202.  The Legislature in granting the Land Company the right to lay out streets and passageways, intended to give to that corporation the power possessed by an individual to build streets on his own land. The intention was to designate and describe the powers of the corporation and to grant it powers it might not possess if not specially named.  But it was not intended to delegate to this private corporation the authority to lay out and establish public highways.  The power residing in the public authorities was not taken away and given to the corporation by the special statute incorporating it.  See *Attorney General* v. *Old Colony & Newport Railway,* 12 Allen, 404, 406; *Peabody* v. *Boston & Providence Railroad,* 181 Mass. 76, 81.  The statute, R. L. c. 53 (see now G. L. c. 86) providing for the removal of fences and buildings on highways and other public places, unless the obstruction was continued for more than forty years, has no application. The purpose of this statute was to prevent encroachment on public places and ways which were laid out for the public under public authority.  It refers to " a highway, town way, private way . . . street, lane or alley, or other land appropriated for the general use or convenience of the inhabitants of the Commonwealth, or of a county, city, town or parish." The private ways referred to are the statutory private ways laid out under public authority, which are " private only in name, but are in all other respects public."  *Denham* v. *County Commissioners, supra,* page 208.  The word " way " in the statute has been interpreted as meaning a way laid out by public authority, as required by the statute.  *Boston Gas Light Co.* v. *Old Colony & Newport Railway,* 14 Allen, 444, 447.

The forty year statute does not apply to private rights of way as distinguished from statutory private ways, and

the uninterrupted, continuous and adverse use of the land designated as Rogers Street west of Third Street by the respondent under a claim of right for a period of more than twenty years was sufficient to establish its right to the land. *Emerson* v. *Wiley,* 10 Pick. 310. *Jennison* v. *Walker,* 11 Gray, 423. *Ball* v. *Allen,* 216 Mass. 469, 473. Even if it be assumed that the petitioners had an easement in Rogers Street west of Third Street, which we do not decide, *Regan* v. *Boston Gas Light Co.* 137 Mass. 37, *Downey* v. *H. P. Hood & Sons,* 203 Mass. 4, *Prentiss* v. *Gloucester,* 236 Mass. 36, the finding of the Land Court that " if there ever was any easement as claimed I find that it has been extinguished by adverse use and occupation," disposes of the petitioners' claim. *Ball* v. *Allen, supra. Jennison* v. *Walker, supra.*

As the petitioners had no right of way over Rogers Street west of Third Street, their exceptions must be overruled for the reasons given. Even if Rogers Street west of Third Street were in fact a public way or a private way laid out under the statute by public authority, the petitioners' land did not abut on this part of the street and we have not found it necessary to consider the question whether it was within the jurisdiction of the Land Court to register the petitioners' right in a public street upon which its land did not abut.

*Exceptions overruled.*