# SUPPLEMENT.

## OPINION OF THE JUSTICES TO THE SENATE.

*Constitutional Law*, Expenditure of public money; Opinions of the Justices. *Way*, Private: way open to public use, snow removal. *Municipal Corporations*, Municipal finance, Snow removal. *Words*, "Private way," "Open to public use."

A question submitted to the Justices by the General Court must be answered with respect to the pending bill to which it relates; purely abstract questions of law are not answered.

In answering a question submitted by the General Court, the Justices do not interpret the pending bill to which the question relates except so far as interpretation is required in answering.

The General Court constitutionally may authorize municipalities to appropriate money for the removal of snow and ice from private ways therein which are "open to public use" in the sense that, permanently or temporarily and as of right or by permission, they are in fact usable for travel by the public at large, as distinguished from being only open to a public use which is merely incidental to use by the owners of the ways.

On February 16, 1943, the Senate adopted the following order, which was transmitted to the Justices of this court on February 18:

WHEREAS, There is pending before the general court a bill, current House Document No. 1287, a copy of which is submitted herewith, providing that cities and towns may appropriate money for the removal of snow and ice from private ways therein open to public use, if the voters thereof so vote;

WHEREAS, Because said bill may authorize the expenditure of public money for private purposes, grave doubt exists as to its constitutionality if enacted into law; and

WHEREAS, A solemn occasion exists, requiring the opinions of the Honorable the Justices of the Supreme Judicial Court; now, therefore, be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be requested by the Senate on the following important questions of law:

1. May the general court authorize cities and towns to appropriate money for the removal of snow and ice from all private ways therein which are open to public use?

2. If the answer to the first question is in the negative, may the general court authorize cities and towns to appropriate money for the removal of snow and ice from private ways therein open and dedicated to the public use which have not become public ways?

3. If the answer to the first question is in the negative, may the general court authorize cities and towns to appropriate money for the removal of snow and ice from private ways therein which have been open to public use for over six years?

4. If the answer to the first question is in the negative, may the general court authorize cities and towns to appropriate money for the removal of snow and ice from such private ways therein open to public use as are designated by the city council or the selectmen? \

5. If the answer to the first question is in the negative, may the general court authorize cities and towns to appropriate money for the removal of snow and ice from private ways therein open to public use on which the city or town has made repairs?

On February 24, 1943, the Justices returned the following answer:

To The Honorable the Senate of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to the questions set forth in an order adopted by the Senate on February 16, 1943, and transmitted to the Justices on February 18, 1943. Copy of the order is hereto annexed.

The questions submitted relate to a bill now pending in the General Court (House, No. 1287) which is entitled "An

Act providing that cities and towns may appropriate money for the removal of snow and ice from private ways therein open to public use, if the voters thereof so vote." The bill, if enacted into law, would amend G. L. c. 40, by inserting after § 6B thereof, as appearing in the Tercentenary Edition, two new sections, one of which, § 6C, is as follows: "A city or town which accepts this section in the manner provided in section six D may appropriate money for the removal of snow and ice from such private ways within its limits and open to the public use as may be designated by the city council or selectmen; provided, that for the purposes of section twenty-five of chapter eighty-four, the removal of snow or ice from such a way shall not constitute a repair of a way." Section 6D provides a method for submitting § 6C for acceptance to the registered voters of the cities and towns.

The order recites that the opinions of the Justices are requested for the reason that "grave doubt exists as to . . . [the] constitutionality [of the bill] if enacted into law" because it "may authorize the expenditure of public money for private purposes."

The first question submitted is: "May the general court authorize cities and towns to appropriate money for the removal of snow and ice from all private ways therein which are open to public use?"

This question must be answered with respect to the pending bill. *Opinion of the Justices*, 309 Mass. 631, 641. And we so answer it. Purely abstract questions of law cannot properly be answered. *Opinion of the Justices*, 301 Mass. 615, 617; 309 Mass. 609, 614. And it is not the function of the Justices to interpret a pending bill except so far as interpretation is required in answering questions submitted. *Opinion of the Justices*, 308 Mass. 601, 607; 309 Mass. 571, 581.

The pending bill, according to its terms, relates to "private ways . . . open to the public use." The words "private ways" are susceptible of different meanings. It is a statutory rule of construction of statutes, which will be applicable to the pending bill, if enacted, that "Words

and phrases shall be construed according to the common and approved usage of the language; but technical words and phrases and such others as may have acquired a peculiar and appropriate meaning in law shall be construed and understood according to such meaning" (G. L. [Ter. Ed.] c. 4, § 6, Third), but this rule is not to be followed if it "would involve a construction inconsistent with the manifest intent of the law-making body or repugnant to the context of the same statute." G. L. (Ter. Ed.) c. 4, § 6. *Chapin* v. *Lowell*, 194 Mass. 486, 488. Although the words "private ways" may occasionally be used in the statutes with a different meaning (see, for example, G. L. [Ter. Ed.] c. 84, §§ 12–14), they commonly mean ways of a special type laid out by public authority for the use of the public. G. L. (Ter. Ed.) c. 82, §§ 21–32A. Such "'private ways' are private only in name, but are in all other respects public." *Denham* v. *County Commissioners of Bristol*, 108 Mass. 202, 208. *Munroe* v. *Worthington Pump & Machinery Corp.* 245 Mass. 474, 478. See also *Flagg* v. *Flagg*, 16 Gray, 175. It may be that in the pending bill the words "private ways" are used in this technical sense. Or it may be that the words "private ways" in connection with the words "open to the public use" mean or include ways "opened and dedicated to the public use, which . . . [have] not become . . . public way[s]," within the meaning of G. L. (Ter. Ed.) c. 84, §§ 23–25. See *Smith* v. *Lowell*, 139 Mass. 336, 340. A dedication of a way to the public use within the meaning of this statute is permanent. *Longley* v. *Worcester*, 304 Mass. 580, 588. But the words "private ways," as commonly understood and as sometimes used in the opinions of this court, have a broader meaning than either of the meanings here mentioned. See *Warner* v. *Holyoke*, 112 Mass. 362, 368; *Paine* v. *Brockton*, 138 Mass. 564, 567; *Brooks* v. *West Boston Gas Co.* 260 Mass. 407, 410. The words may well mean or include defined ways for travel, not laid out by public authority or dedicated to public use, that are wholly the subject of private ownership, either by reason of the ownership of the land upon which they are laid out by the owner thereof (see *Morse* v. *Stocker*, 1 Allen,

150; *Munroe* v. *Worthington Pump & Machinery Corp.* 245 Mass. 474, 478), or by reason of ownership of easements of way over land of another person. For reasons that will later appear we think an interpretation of the words "private ways" in the pending bill is not required in answering the question submitted.

The words "open to the public use" in the pending bill, however, require interpretation. The meaning of the words is not necessarily limited to "open to the public use" as of right or permanently, and may include "open to the public use" by license or permission, although such license or permission is terminable at the will of the owner of the private way in question. See *Morse* v. *Stocker,* 1 Allen, 150, 154, 156–157. But "open to the public use" as applied to a private way naturally means that such way is actually susceptible of use by the public other than for purposes that are merely incidental to the use of the way by the owner thereof, and also that the way is open to the public at large for purposes of travel, not merely incidental to its use by the owner thereof, in a manner similar to the ordinary use for purposes of travel of a public way of the same general nature.

It is a fundamental principle, conforming to constitutional requirements (see Constitution, Declaration of Rights, art. 10; Part II, c. 1, § 1, art. 4; c. 2, § 1, art. 11) and frequently declared, that "money raised by taxation can be used only for public purposes and not for the advantage of private individuals." *Opinion of the Justices,* 231 Mass. 603, 611. See also *Lowell* v. *Boston,* 111 Mass. 454, 460–463; *Kingman* v. *Brockton,* 153 Mass. 255, 258; *Allydonn Realty Corp.* v. *Holyoke Housing Authority,* 304 Mass. 288, 292–293. In the case last cited, the court, after citing previous cases, said: "Some of these cases have become generally recognized as leading cases. They do not, however, establish any universal test. Each case must be decided with reference to the object sought to be accomplished and to the degree and manner in which that object affects the public welfare. Frequently an object presents a double aspect in that it may in some respects result in conferring

a benefit upon the public and in other respects it may result in conferring a benefit upon or in paying money to private individuals. In such instances the cases tend to distinguish between those results which are primary and those which are secondary or incidental and to classify the object according to its primary consequences and effects. At any rate it is plain that an expenditure is not necessarily barred because individuals as such may profit, nor is it necessarily valid because of incidental benefit to the public."

The "accommodation of the public as to means of travel and transportation" is one of the primary purposes for which money raised by taxation may be expended. The Commonwealth, acting by the General Court, has broad power to provide for such public accommodation. *Boston* v. *Treasurer & Receiver General*, 237 Mass. 403, 416. *Commonwealth* v. *Boston & Maine Railroad*, 3 Cush. 25, 45–46. *Boston Elevated Railway* v. *Commonwealth*, 310 Mass. 528, 550. Obviously in the climate of the Commonwealth expenditures of money raised by taxation "for the removal of snow and ice" from highways and town ways — public ways in the ordinary sense — are proper expenditures for the accommodation of the public as to means of travel and transportation. See G. L. (Ter. Ed.) c. 84, § 22. And we think no sound distinction in this respect can be made between such public ways and the statutory "private ways" that, as already pointed out, are laid out for the benefit of the public and are, in substance, public ways. The fact that the statutes do not impose upon cities and towns the same duty to repair such "private ways" as to repair highways and town ways (see G. L. [Ter. Ed.] c. 84, § 1) does not preclude an expenditure "for the removal of snow and ice" from such "private ways" if the General Court deems it expedient to provide for maintenance of such "private ways" to this limited extent. Such an expenditure would be for a public purpose. And ways that have been "opened and dedicated to the public use, which . . . [have] not become . . . public way[s]" (G. L. [Ter. Ed.] c. 84, §§ 23–25), are subject to the same principle by

reason of their permanent dedication to the public use, notwithstanding the absence of any statutory duty upon municipalities to keep such ways in repair.

Finally, we are of opinion that expenditures "for the removal of snow and ice" from ways that are in private ownership but are "open to the public use" in the sense in which these words are used in the pending bill, as we interpret them, are expenditures for a public purpose. Such expenditures, as in the case of public ways, provide for the "accommodation of the public as to means of travel and transportation." The fact that the ways remain in private ownership does not preclude such expenditures if deemed expedient by the General Court. Public accommodation of this nature may be obtained by expenditures for the use of property privately owned. See *Boston Elevated Railway* v. *Commonwealth*, 310 Mass. 528, 575, 579, 583. Nor are such expenditures precluded by the fact that the use of the ways by the public is permissive and may be terminated at will by the owner of the way. The expenditures provided for by the pending bill are themselves of a temporary nature and are to be made concurrently with the use of the ways by the public. We have no occasion to consider expenditures of a permanent nature upon ways in private ownership the public use of which may be terminated at any time at the will of the owner. The fact that the owner of a way may profit by expenditures "for the removal of snow and ice" therefrom does not invalidate expenditures therefor, where the primary purpose of such removal is the benefit of the public to whose use the way is open. *Allydonn Realty Corp.* v. *Holyoke Housing Authority*, 304 Mass. 288, 292–293. Indeed, the benefit accruing to the owner from such "removal of snow and ice" may not be the equivalent of the benefit accruing to the public from the use of the way. But the constitutional validity of the expenditures does not depend upon a balancing of benefits so long as the primary purpose of the expenditures is the benefit of the public.

It follows that the first question submitted as applied to the pending bill must be answered "Yes."

Since the first question submitted is answered in the affirmative, and the other questions are asked only if the answer to the first question is in the negative, there is no occasion to answer the other questions.

FRED T. FIELD.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.
ARTHUR W. DOLAN.
LOUIS S. COX.
JAMES J. RONAN.