ARTHUR B. CHAPIN vs. CITY OF LOWELL.

Suffolk.    January 18, 21, 1907. — February 28, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Pauper. Insane Person. Feeble-minded Person. Statute, Construction. Words,* "Insane person," "Feeble-minded."

Infant paupers committed to and supported in the School for the Feeble-Minded are not insane persons within the meaning of R. L. c. 87, § 6, for whose support the Commonwealth must pay after January 1, 1904, under § 79 of the same chapter, and under § 120 of the same chapter the charges for such support can be recovered by the treasurer and receiver general from the city or town in which such feeble-minded paupers had a settlement.

Under R. L. c. 8, § 4, the rules as to the meaning to be given certain words in construing statutes established by § 5 of the same chapter are not to be followed if their observance would involve a construction inconsistent with the manifest intent of the Legislature, and words and phrases are to be construed according to the common and approved usage of the language except that technical words and phrases and such others as may have acquired a peculiar and appropriate meaning in the law are to be construed according to such meaning.

MORTON, J.    This is an action of contract by the treasurer and receiver general to recover under R. L. c. 87, § 120, for the support of two inmates of the custodial department of the Massachusetts School for the Feeble-Minded. The inmates in question were minors and paupers with their settlements in Lowell. Previous to their commitment to the School for the Feeble-Minded they had been adjudicated insane and duly committed by the Police Court of Lowell to the Danvers Insane Hospital, from which they were discharged on January 23, 1905, as unimproved mentally and in the expectation that they would be committed to the School for the Feeble-Minded, which commitment took place on the same day. In the Superior Court the case was heard upon an agreed statement of facts, and the judge found for the plaintiff. The defendant appealed.

The support for which the plaintiff seeks to recover is from January 23, 1905, to the date of the writ, and the only question is whether the provisions of R. L. c. 87, §§ 6, 79, apply; the right of recovery under R. L. c. 87, § 120, being clear upon the agreed facts unless the inmates in question are to be regarded as

insane persons for whose support the Commonwealth is made liable since January 1, 1904. It is the contention of the defendant that they are to be so regarded. It is manifest that they were not supported as insane persons, but as feeble-minded persons; and it is to be assumed that the proceedings for their discharge from the Insane Hospital and commitment to the School for the Feeble-Minded were undertaken in good faith and because the School for the Feeble-Minded was deemed a more suitable place for them than the Insane Hospital. The order for their commitment recites that in the case of each it has been made to appear to the judge of the Probate Court that she is a fit subject for the School for the Feeble-Minded; and the finding so made is not open to collateral attack and must be taken to mean that each comes within the class or classes for whose benefit the school was established. Otherwise the judge could not have found that they were fit subjects for the School. Unless therefore the School for the Feeble-Minded is to be regarded as an institution for the insane so that those who are committed to it come fairly within the description of insane persons the plaintiff must prevail.

As originally incorporated it was designated the "Massachusetts School for Idiotic and Feeble-Minded Youth" (St. 1850, c. 150), and continued to be so known till 1883 when the name was changed to the "Massachusetts School for the Feeble-Minded" (St. 1883, c. 239), which has been its name ever since. It is manifest, we think, from an examination of the different acts and resolves relating to it that it was not established and has not been maintained as an institution for the insane, but, as its former and present name implies, for the benefit of the idiotic and feeble-minded. St. 1850, c. 150. Res. 1851, c. 44. Res. 1861, c. 26. Res. 1869, c. 9. St. 1878, c. 126. Pub. Sts. c. 87, §§ 55, 56. St. 1883, c. 239. St. 1884, c. 88. St. 1886, c. 298. R. L. c. 87, §§ 113–123. There is nothing in any of these acts and resolves which recognizes the school as an institution for the insane, or which recognizes its inmates as insane persons. On the contrary, in the first act, which provided for a judicial commitment, idiots who were insane were impliedly excluded, and a distinction thus recognized between insanity and idiocy. This act was repealed by St. 1886, c. 298, but the effect of that was to limit

more clearly if possible the inmates of the school to the feeble-minded. There are other statutes in which the word "feeble-minded" has been used in a sense that does not include the insane, (St. 1905, c. 475, § 1; St. 1906, c. 309; St. 1906, c. 508; St. 1899, c. 158,) and that is not its common meaning. Moreover, by St. 1906, c. 508, a new school for the feeble-minded was established, and it was provided by § 17 that the charges for the support of the settled inmates could be recovered from the city or town of settlement as therein provided. The result would be therefore that if §§ 6 and 79 of R. L. c. 87 are construed as the defendant contends that they should be, cities and towns would be liable for the support of settled inmates in one institution, but would not be in the other. Such a result, in the absence of anything to show that the Legislature intended it, would seem to be of itself almost, if not quite, decisive against the construction contended for.

The defendant relies upon R. L. c. 8, § 5, cl. 6, which provides that in construing statutes "The words 'insane person' and 'lunatic' shall include every idiot, non compos, lunatic and insane and distracted person." But it is to be observed in the first place that "feeble-minded" persons are not included in the definition thus given of "insane persons" or "lunatics." In the next place it is provided (R. L. c. 8, § 4) that the rules of construction there adopted are not to be followed if their observance would involve a construction inconsistent with the manifest intent of the Legislature, and that words and phrases shall be construed according to the common and approved usage of the language except that technical words and such others as have acquired a peculiar meaning shall be so construed. But to construe the words "insane" and "insane persons" in R. L. c. 87, §§ 6 and 79, as including feeble-minded persons, and thus making the School for the Feeble-Minded an institution for the insane, would be contrary to the manifest intention of the Legislature and would not be according to the common and approved usage of the language, and therefore the rule of construction invoked by the defendant does not apply. This result is not affected by the fact that idiotic persons may be committed to the school. When committed they are committed not as insane persons but as feeble-minded persons.

Notice was given to the town of Danvers and the defendant makes no objection that notice was not given to it.

*Judgment affirmed.*

*J. G. Hill*, for the defendant.

*J. F. Curtis*, Assistant Attorney General, for the plaintiff.