CITY OF NORTHAMPTON *vs.* COUNTY COMMISSIONERS OF HAMPSHIRE.

Hampshire.    Sept. 20. — Oct. 20, 1887.    C. ALLEN & HOLMES, JJ., absent.

Section 4 of the St. of 1849, *c*. 96, (which statute incorporated the Trustees of the Smith Charities,) providing that the funds of the corporation shall, for the purpose of taxation, "be equally apportioned among the eight towns named in said will, . . . . or such of them as shall not have forfeited their rights therein; and said apportionment shall be made, and the assessors of each of said towns shall be notified of the same by the trustees provided for in said will, on or before the first day of May annually; and the portions of said funds thus assigned to the said towns respectively may be assessed therein, in all the taxes legally voted and assessed by said towns," is constitutional.

PETITION for a writ of certiorari, to quash the proceedings of the respondents in abating part of a tax assessed by the petitioner upon personal property in the hands of the Trustees of the Smith Charities, a corporation incorporated by the St. of 1849, *c*. 96.    Hearing before *Holmes*, J., who reserved the case for the consideration of the full court.    The facts appear in the opinion.

*A. T. Crossley*, for the petitioner.

*D. W. Bond & J. C. Hammond*, for the respondents.

DEVENS, J.    The Trustees of the Smith Charities were incorporated by the St. of 1849, *c*. 96.    The fourth section of this act provides that no part of the funds of the corporation shall, by the operation of the act, be exempted from taxation; and enacts that, "for the purpose of taxation, said funds shall be equally apportioned among the eight towns named in said will, to wit: Northampton, Hadley, Amherst, Hatfield, Williamsburg, Whately, Deerfield, and Greenfield, or such of them as shall not have forfeited their rights therein; and said apportionment shall be made, and the assessors of each of said towns shall be notified of the same by the trustees provided for in said will, on or before the first day of May annually; and the portions of said funds thus assigned to the said towns respectively may be assessed therein, in all the taxes legally voted and assessed by said towns."

The corporation made a correct apportionment (as appears by the answer of the respondents) of their taxable funds among the

eight towns according to this section. The county commissioners have allowed an abatement of seven eighths of the tax assessed by Northampton, which was upon the whole of these funds, and have in effect decided that Northampton was entitled to tax only one eighth of them. This decision is in accordance with the statute, but the petitioner contends that the act is in this respect unconstitutional; and, further, that it has therefore the right to tax the whole of the funds held by the corporation which are personal property. The ground on which the petitioner relies is, that the tax provided for by the statute is not reasonable, and proportional under that Article of the Constitution (*c.* 1, § 1, art. 4) which authorizes the General Court " to make, ordain, and establish, all manner of wholesome and reasonable orders, laws, statutes, and ordinances," &c., " and to impose and levy proportional and reasonable assessments, rates and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the said Commonwealth."

It is a familiar principle, that a party assailing the constitutionality of an act must show, beyond reasonable doubt, that it is in violation of the fundamental principles of our government. Every presumption is in favor of the validity of a legislative act. It is for the petitioner to show that its rights are invaded by this legislative act; that the act does not come within the legitimate exercise of the powers conferred by the Constitution; and that it has (this act being pronounced unconstitutional) under some other act an authority to lay the tax in question. It is obvious that the principal, perhaps the only, object of the constitutional provision that taxes shall be " proportional and reasonable," is the protection of the tax-payer against any arbitrary, unjust, or oppressive exercise of the power of taxation. If, for instance, the Legislature should arbitrarily designate a certain class of persons on whom, or a certain class of property on which, a tax was to be imposed, without reference to any rule of proportion, or without regard to the share of the public charge which either should bear relatively to that borne by other persons or property, or without regard to any special benefit which might accrue to the property subjected to the tax, such imposition would be unlawful. *Oliver* v. *Washington Mills,* 11 Allen, 268. *Dorgan* v. *Boston,* 12 Allen, 223.

In the case at bar, the party upon whom the tax is imposed makes no complaint of the statute under which it is imposed, and the clause of the Constitution would seem to have no reference to the town or other corporation ordinarily invested with the taxing power, or to the mode in which the tax imposed is to be divided or distributed. But, if this is otherwise, we can find no ground for pronouncing the tax unreasonable or not proportional. The principal beneficiaries under the Smith will are inhabitants of the eight towns in the Commonwealth, described in the petition. If the fund intended mainly for their use is to be diminished by taxation, it would seem reasonable that the towns whose indigent persons are the immediate objects of the testator's bounty should have the benefit of it. Exact equality or proportion in the imposition of public taxes, or distribution of public burdens requiring taxation, it is practically impossible to secure. *Cheshire* v. *County Commissioners*, 118 Mass. 386.

The petitioner argues that, as the place where the business of the corporation is to be done is Northampton, this city is entitled as of right to tax the whole of its personal property. It is a general rule under our statutes that real estate is to be taxed where it is situate, and personal property where the owner resides, but to this there are many exceptions. The Legislature may treat as realty, for the purposes of taxation, that which is not so by the common law, and may provide for taxation of personal property in places other than that where the owner resides. Thus, shares of stock in banks are assessed to the owners thereof where the bank is located. Pub. Sts. *c.* 13, § 8. Live stock, when kept throughout the year in a 'town other than that where the owner resides, is assessed to the owner in that place. Pub. Sts. *c.* 11, § 20, *cl.* 3. Goods, merchandise, and other stock in trade, in cities or towns within the Commonwealth other than where the owner resides, are taxed where the owners occupy manufactories, stores, &c. Pub. Sts. *c.* 11, § 20, *cl.* 1. The personal property of individuals is thus taxed at a different rate from that which prevails where they reside. The legislation which exists as to the taxation of trust property, or property of that nature, closely resembles that adopted by the Legislature as to the taxation of these funds, and it has certainly always been treated as constitutional. Thus personal property held by a guardian is taxed to the

guardian, but in the place where the ward is an inhabitant, if in this State. Pub. Sts. *c.* 11, § 20, *cl.* 4. Personal property held in trust by executors, administrators, or trustees, is assessed to them where the beneficiary resides, if in this State. Pub. Sts. *c.* 11, § 20, *cl.* 5. Personal property held by a corporation or individual to accumulate, is assessed where the beneficiaries reside, if in this Commonwealth. Pub. Sts. *c.* 11, § 21.

The objections which the petitioner in the case at bar makes, that the fund is taxed where the securities, &c., are not kept, and that the fractions of it permitted to be taxed are taxed at different rates, according to the exigencies of the different towns entitled to tax, all exist in the general laws relating to the taxation of trust property. It is not necessary, in order that taxes should be proportional, that the rate should be identical in all the municipal corporations of the State. However widely rates may differ, it cannot be held that they are not proportional on account of differences of that nature.

The petitioner also contends that the act is unconstitutional within § 1, art. 14, of the Amendments to the Constitution of the United States, in that it denies to it the equal protection of the laws. We see no ground for this contention, nor has the petitioner suggested any argument in support of it. *Slaughter-House Cases*, 16 Wall. 36.

If we were able to hold § 4 of the St. of 1849, *c.* 96, to be unconstitutional, such a decision would not aid the petitioner, but the contrary. By the Pub. Sts. *c.* 11, § 5, *cl.* 3, the personal property of literary, benevolent, charitable, and scientific institutions is exempt from taxation. This corporation comes within the class of benevolent and charitable institutions. If so much of the act of incorporation as takes it out of the general law and renders its personal property taxable is unconstitutional, it would come under the general law, and its personal property would not be subject to taxation.    *Petition dismissed.*