Opinion of the Justices to the House of Representatives.

*Municipal Corporations,* Limited town meeting form of government, Town
meeting.  *Constitutional Law,* Political subdivisions, Opinions of the
Justices.

It would be within the power of the General Court under art. 70 of the
Amendments of the Massachusetts Constitution to enact legislation pro-
viding that in a town having a form of representative town meeting
government a special town meeting called under G. L. c. 39, § 12, by a
justice of the peace in case of an unreasonable refusal of the selectmen
to act should be conducted as a representative town meeting instead of
an open town meeting.  [792–793, 795]
There is no constitutional right to hold open town meetings in a town
which has adopted a form of representative town meeting government.
[793, 795]
The Justices declined to give their opinions to a branch of the General
Court upon a question of law not relating to a pending bill.  [796]

On March 6, 1964, the Justices submitted the following
answers to questions propounded to them by the House of
Representatives.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit these answers to the questions set forth in an order
adopted by the House on February 27, 1964, and transmitted
to us on March 2.   The order refers to Senate No. 637 now
pending before the House and entitled, "An Act relative to
the calling of a special town meeting by a justice of the
peace in a town having a form of representative town meet-
ing government."

The bill reads: "Section 12 of chapter 39 of the General
Laws, as appearing in the Tercentenary Edition, is hereby
amended by adding at the end the following sentence: — In
a town having a form of representative town meeting gov-
ernment a special town meeting called under this section
shall be conducted as a representative town meeting, and

notice thereof shall be given to the town meeting members as provided by law.''

The order states, ''Grave doubt exists as to the constitutionality of said bill, if enacted into law.''

The questions are:

''1. Is it within the competency of the General Court under Article II, as amended by Article LXX of the Articles of Amendment of the Constitution of Massachusetts, to enact a law which would provide for the conducting of a representative town meeting in a town having a form of representative town meeting government, instead of an open town meeting for all of the inhabitants, when such meeting is called pursuant to Section 12 of Chapter 39 of the General Laws upon written application to a justice of the peace of one hundred registered voters or of ten per cent of the total number of registered voters of the town because the selectmen unreasonably refuse to call a town meeting?

''2. Would the General Court by enacting the pending . legislation abridge the right of the inhabitants of the town to hold general meetings, as secured to them by the Constitution of the Commonwealth, as provided in Section 12 of Chapter 43A of the General Laws, and as also provided in each special act under which a town has voted to accept a form of representative town meeting government?

''3. Does the acceptance of Chapter 43A of the General Laws or of a special act constituting and establishing a form of representative town meeting government in a town pursuant to Article LXX of the Amendments of the Constitution of Massachusetts constitute a surrender by the inhabitants of such a town of the right to hold open town meetings, except the annual town meeting for the election of public officials?''

Article 70 of the Amendments amended art. 2 of the Amendments by adding the following: ''Nothing in this article shall prevent the general court from establishing in any corporate town or towns in this commonwealth contain-

ing more than six thousand inhabitants a form of town government providing for a town meeting limited to such inhabitants of the town as may be elected to meet, deliberate, act and vote in the exercise of the corporate powers of the town subject to such restrictions and regulations as the general court may prescribe; provided, that such establishment be with the consent, and on the application of a majority of the inhabitants of such town, present and voting thereon, pursuant to a vote at a meeting duly warned and holden for that purpose.''

In *Fitzgerald* v. *Selectmen of Braintree,* 296 Mass. 362, where was discussed the procedure for adopting a representative town meeting form of government, it was said (p. 366), ''The standard form in G. L. (Ter. Ed.) c. 43A is permissible only in towns where there has already been constituted and established a form of representative town meeting government under a special statute enacted in conformity with the provisions of the Constitution. *Opinion of the Justices,* 229 Mass. 601.'' Section 1 of c. 43A authorizes the substitution of the standard form. Section 12 of c. 43A provides, ''This chapter shall not abridge the right of the inhabitants of the town to hold general meetings, as secured to them by the constitution of this commonwealth; nor shall this chapter confer upon any representative town meeting in any town the power finally to commit the town to any measure affecting its municipal existence or substantially changing its form of government without action thereon by the voters of the town at large, using the ballot and the check list therefor.''

Senate No. 637 proposes to make an addition to G. L. (Ter. Ed.) c. 39, § 12, which now reads, ''If the selectmen unreasonably refuse to call a town meeting, a justice of the peace, upon written application of one hundred registered voters or of ten per cent of the total number of registered voters of the town, may call a meeting by a warrant under his hand, stating the subjects to be acted upon, directed to the constables of the town if there are any, otherwise to any of the persons applying therefor, directing them to summon

the inhabitants qualified to vote in town affairs to assemble at the time and place and for the purposes expressed in the warrant.''

Also pertinent is art. 29 of the Amendments, which reads: ''The general court shall have full power and authority to provide for the inhabitants of the towns in this commonwealth more than one place of public meeting within the limits of each town for the election of officers under the constitution, and to prescribe the manner of calling, holding and conducting such meetings. All the provisions of the existing constitution inconsistent with the provisions herein contained are hereby annulled.''

We are of opinion that the broad general power conferred by art. 70 is ample to permit the enactment of Senate No. 637. On principle we believe that the substance of the bill is already authorized by implication. See G. L. c. 43A, §§ 7, 10; c. 39, § 10. It would not be reasonable to hold that a town which has adopted a form of representative town meeting government must nevertheless in some cases hold a general meeting depending upon the manner in which a special town meeting is called. A form of representative town meeting government, when adopted, is adopted for all purposes, and a general meeting should not be brought about at the option of one hundred inhabitants who are dissatisfied with the refusal of the board of selectmen to call a special meeting. The usual reasons for adopting the representative town meeting — such as the inadequacy of the town hall or an inconveniently large number of voters — apply equally to all meetings, however called.

We answer ''Yes'' to question 1.

We answer ''No'' to question 2. In a town which has adopted a representative town meeting government there is no constitutional right of the inhabitants to hold general meetings. Senate No. 637 makes no improper delegation of legislative authority as to ''structural changes'' in the form of town government. See *Opinion of the Justices,* 328 Mass. 674.

The third question does not relate to the pending bill but inquires as to the effect of acceptance of other acts. We must answer only with respect to the pending bill. *Opinion of the Justices,* 301 Mass. 615, 617. *Opinion of the Justices,* 313 Mass. 779, 781. *Opinion of the Justices,* 341 Mass. 738, 759. We, therefore, respectfully request to be excused from further answering.

RAYMOND S. WILKINS
JOHN V. SPALDING
ARTHUR E. WHITTEMORE
R. AMMI CUTTER
PAUL G. KIRK
JACOB J. SPIEGEL
PAUL C. REARDON