OPINION OF THE JUSTICES TO THE HOUSE OF
REPRESENTATIVES.

*Taxation*, Real estate tax: estimated partial tax bill; Personal property
tax: estimated partial tax bill. *Constitutional Law*, Taxation.

Proposed legislation to permit accepting cities, towns or districts to
render partial property tax bills no later than April 1 of any year
payable on May 1 of that year in the amount of one-fourth of the tax
assessed in the preceding year would impose taxes which would not
be proportional and would be in violation of Part II, c. 1, § 1, art. 4,
of the Massachusetts Constitution and of art. 10 of the Declaration
of Rights, notwithstanding provisions of such legislation that pay-
ment of a partial bill would be credited to the "true tax bill" and that
certain interest paid would be credited as a prepayment of taxes.

On June 19, 1969, the Justices submitted the following
answers to questions propounded to them by the House of
Representatives.

To the Honorable the House of Representatives of the
Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully
submit these answers to the questions in an order adopted
by the House of Representatives on June 11, 1969, and
transmitted to us on June 16. The order recites the pend-
ency before the General Court of a bill, House No. 5374,
entitled, "An Act to allow cities, towns and districts to send
out estimated partial tax bills," a copy of which was trans-
mitted with the order. The order declares that grave doubt
exists as to the constitutionality of the bill if enacted into
law.

The bill amends G. L. c. 59 by inserting after § 57 the
following new section:

"Section 57A. Except for bills for taxes assessed under
sections seventy-five or seventy-six, a city, town or dis-

trict which has voted to adopt this section may send out estimated tax bills which bills shall be in the amount of one-fourth of the tax assessed in the prior year under section fifty-seven. The estimated tax bill shall be sent out not later than April first of each year, and shall be due and payable on May first of each year in every city, town and district in which the same are assessed. Interest shall be paid at the rate of eight per cent per annum on all real and personal property estimated taxes remaining unpaid after May first of the year in which they are payable.

"Payments of an estimated tax bill issued in accordance with this section shall be credited to the true tax bill issued under section fifty-seven.

"In the event an estimated tax bill exceeds one-fourth of the subsequent true tax bill issued under section fifty-seven, any interest paid shall be credited as a pre-payment of taxes and any interest not paid need not be paid."

The questions are:

"(1) Is it constitutionally competent for the General Court to enact legislation providing that a city, town or district accepting the provisions of this legislation may require partial payment of real and personal property taxes on an estimated basis prior to the date required for full payment of such taxes in view of Part the Second, Chapter I, Section I, Article IV of the Constitution of the Commonwealth granting authority to the General Court to impose and levy proportional and reasonable assessments, rates and taxes upon all the inhabitants of, and persons resident and estates lying within the said Commonwealth?

"(2) Would said bill, if enacted into law, be constitutional in view of the provisions of Article X of the Declaration of Rights?"

We must answer only with respect to the pending bill. *Opinion of the Justices*, 313 Mass. 779, 781. *Opinion of*

*the Justices,* 341 Mass. 738, 759. *Opinion of the Justices,* 347 Mass. 792, 796.

Under the proposed § 57A the estimated tax bill is to be precisely the amount of one fourth of the tax assessed the preceding year under § 57. There is to be no new assessment. In consequence, no attention is to be given to changes in valuation during the preceding year. This means that the destruction of buildings or the erection of new ones prior to January 1 of the current year cannot be taken into account. Assessments of less, or more, than 100% of full fair cash value in some cases necessarily would be the basis upon which the taxes would be computed. *Bennett* v. *Assessors of Whitman,* 354 Mass. 239, 240, and cases cited. The estimated taxes, which would not be proportional, would violate Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth which empowers the General Court "to impose and levy proportional and reasonable assessments, rates, and taxes, upon all the inhabitants of, and persons resident, and estates lying, within the said Commonwealth . . . ." *Bettigole* v. *Assessors of Springfield,* 343 Mass. 223, 230. We further said in the case last cited: "See also art. 10 of the Declaration of Rights, which reads, 'Each individual . . . has a right to be protected . . . in the enjoyment of his life, liberty and property, according to standing laws. He is obliged, consequently, to contribute *his share* to the expense of this protection . . .' (emphasis supplied). It is well settled that the words 'his share' in art. 10 of the Declaration of Rights 'forbid the imposition upon one taxpayer of a burden relatively greater or relatively less than that imposed upon other taxpayers.' See *Opinion of the Justices,* 332 Mass. 769, 777."

The only grounds of adjustments in § 57A are (1) payments of estimated taxes to be credited on "the true tax bill issued under section fifty-seven"; and (2) in the event an estimated tax bill exceeds one fourth of "the subsequent true tax bill," any interest paid shall be credited as a prepayment of taxes. Such procedures are entirely inadequate to adjust taxes and interest and to grant refunds or credits

so as to make the taxes proportional when ultimately and validly assessed as of January 1 of the current year.

To each question we answer, "No."

RAYMOND S. WILKINS.
JOHN V. SPALDING.
ARTHUR E. WHITTEMORE.
R. AMMI CUTTER.
PAUL G. KIRK.
JACOB J. SPIEGEL.
PAUL C. REARDON.