## Opinion of the Justices to the House of Representatives.

*Taxation,* Real estate tax: estimated partial tax bill; Personal property tax: estimated partial tax bill. *Constitutional Law,* Taxation. *Interest.*

Proposed legislation to permit municipalities which accepted it to render partial property tax bills no later than April 1 of any year payable on May 1 of that year, the amount of which would be determined by applying one-fourth of the tax rate established in the preceding year to property values assessed as of January 1 of the current year, and providing for abatements and refunds with respect to excessive partial tax bills, would conform to the principle of proportionality set forth in Part II, c. 1, § 1, art. 4, of the Massachusetts Constitution; and that principle would not be violated by the grant of local option to the municipalities. [754, 755]

Payment of interest on a refund of an overpayment of taxes is not constitutionally required. [755]

On August 13, 1969, the Justices submitted the following answers to questions propounded to them by the House of Representatives.

To the Honorable the House of Representatives of the Commonwealth of Massachusetts:

The undersigned Justices of the Supreme Judicial Court respectfully submit these answers to the questions in an order adopted by the House of Representatives on July 23, 1969, and transmitted to us on July 29. The order recites the pendency before the General Court of a bill, House No. 5531, entitled "An Act providing that cities, towns and districts may send estimated partial tax bills," a copy of which is submitted with the order. The order does not make the usual recital that "grave doubt exists as to the constitutionality of . . . [the] bill, if enacted into law," or any equivalent thereof.

Section 1 of the bill amends G. L. c. 59 by inserting after § 57 a new section which reads or may be summarized as follows:

"*Section 57A.* Except for bills for taxes assessed under ... [§ 75 or § 76], a city or town which has voted to adopt this section may issue estimated tax bills on property subject to assessment of taxes under ... [§ 57].

"(1) ... Estimated tax bills shall be determined by applying one-fourth of the tax rate established by the city or town and used in determining the taxes assessed in the prior year under ... [§ 57], to property values assessed as of January first of the current year. ...

"(2) ... [The estimated tax bill shall be issued by April 1 and shall be due and payable on May 1 of each year, and interest] shall be paid at the rate of eight per cent per annum on all estimated taxes remaining unpaid after May first . . . .

"(3) ... Every payment, except a payment of interest, made on account of an estimated property tax ... [shall be credited as a payment on the total tax]. Every payment made on account of an estimated property tax ... which is not credited as aforesaid and any payment of interest that need not have been paid, shall, subject to ... [c. 60, § 93], be refunded ... to the person paying the same; provided that within six years after such payment such person files ... a written application ... [for such a refund].

"(4) ... [The assessors may, at any time, on application or of their own motion] abate so much of . . . [the] estimated property tax as remains unpaid that is in excess of the assessed person's proportional share or exemptions, or if such estimated property tax is in excess of the tax assessed ... to such person under ... [§ 57].

"(5) ... [The collector of taxes shall, on October 1, compute the penalties, if any, due but unpaid on the estimated property tax, and add the same to the tax assessed under § 57].

"(6) ... [Cities and towns may rescind their acceptance

of § 57A] which shall then no longer be in effect therein after December thirty-first . . . but such rescission shall in no way affect any rights or liabilities acquired or incurred prior to the effective date thereof."

Section 2 of the bill amends c. 59, § 57, by striking out the first sentence and inserting in its place the following sentence: "Except as otherwise provided, real estate and personal property taxes shall be due and payable on October first . . .."

Section 3 of the bill amends the first paragraph of G. L. c. 60, § 15, by striking out cl. 1 and inserting in its place the following clause: "1. For interest, the interest provided in . . . [c. 59, § 57], and in addition thereto, the interest, if any, added under section six of chapter fifty-eight B." [1]

The questions are:

"1. Is it constitutionally competent for the General Court to enact legislation providing that a city or town which accepts the provisions of this legislation may require partial payment of real and personal property taxes which payments are based on the preceding year's tax [rate] as applied to current assessed values, in view of Part the Second, Chapter I, Section I, Article IV of the Constitution of the Commonwealth granting authority to the General Court to impose and levy proportional and reasonable assessments, rates and taxes upon all the inhabitants of, and persons resident and estates lying within the said commonwealth?

"2. Is it constitutionally competent to enact legislation which allows a city or town the option to adopt said legislation?

"3. Would said bill, if enacted into law, be constitutional in view of the provisions of Article X of the Declaration of Rights?"

We must answer only with respect to the pending bill. *Opinion of the Justices*, 313 Mass. 779, 781. *Opinion of the*

---

[1] There is no c. 58B.

*Justices,* 341 Mass. 738, 759. *Opinion of the Justices,* 347 Mass. 792, 796.

The bill presented is a redraft of 1969 House Bill No. 5374, considered in our opinion transmitted to the House of Representatives on June 19, 1969. See *Opinion of the Justices, ante,* 747. In that opinion we noted that the bill provided for an estimated tax bill of "precisely the amount of one fourth of the tax assessed the preceding year under § 57" (p. 749). We stated that such a procedure, allowing for no changes in valuation during the preceding year, was in violation of art. 10 of the Declaration of Rights and of Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth, in that it imposed upon taxpayers burdens relatively greater or less than those imposed upon other taxpayers.

The present bill seeks to remedy this defect in two ways. First, it declares that the assessment for the estimated tax bill is to be computed by applying one fourth of the tax rate of the prior year to property assessed as of January 1 of the year such bill is issued. Second, subsection (4) of the proposed § 57A allows for abatements. It is our view that these provisions make the estimated tax proportional within the requirements outlined in *Bettigole* v. *Assessors of Springfield,* 343 Mass. 223, 230-231.

We note that the bill does not provide for interest on the amount of any overpayment or refund due under subsection (3). We think, however, that payment of such interest is not constitutionally required. See *Boott Cotton Mills* v. *Lowell,* 159 Mass. 383, 386-387. Two provisions in the General Laws present the possibility of the payment of no interest on overpayments. G. L. c. 58, § 27; c. 62, § 43. It is our view that the estimated property tax is proportional, and does not violate either art. 10 of the Declaration of Rights or Part II, c. 1, § 1, art. 4, of the Constitution of the Commonwealth.

We answer Question 1, "Yes." As to Question 3, however, it does not state with particularity any question of law on which we may give an opinion. *Opinion of the Justices,* 261

Mass. 556, 613. *Opinion of the Justices,* 330 Mass. 713, 727.

Question 2 raises the issue of the validity of the local option provisions of the bill. The court has long held that property tax rates differing from municipality to municipality do not violate the constitutional principle of proportionality. *Providence Inst. for Sav.* v. *Boston,* 101 Mass. 575, 586. *Northampton* v. *County Commrs. of Hampshire,* 145 Mass. 108, 111. *Opinion of the Justices,* 324 Mass. 724, 729. We think that the two methods of collection which will be permitted if the bill is enacted are not sufficiently different from each other to bring the bill within the constitutional prohibition.

We answer Question 2, "Yes."

We have no occasion to consider or advise with respect to the details of the bill.

RAYMOND S. WILKINS.
JOHN V. SPALDING.
ARTHUR E. WHITTEMORE.
R. AMMI CUTTER.
PAUL G. KIRK.
JACOB J. SPIEGEL.
PAUL C. REARDON.