BUTCHERS' SLAUGHTERING AND MELTING ASSOCIATION *vs.* CITY OF BOSTON.

Suffolk. March 5. — May 11, 1885. W. ALLEN, COLBURN, & HOLMES, JJ., absent.

The term "particular and private ways" in the Colony ordinance of 1641 includes town ways.

A resolve of June 26, 1794, required towns to prepare and file in the office of the secretary accurate plans of the respective towns for the purpose of preparing a map of the Commonwealth; and among other things required to be delineated thereon were "county roads." A town filed a plan showing a number of roads, some of which were admitted to be county roads. The plan also showed brooks and other things not called for by the resolve. *Held*, that the plan was not conclusive evidence, against the town, that a way delineated thereon was a county way, and that the town was not estopped to show that it was a town way.

CONTRACT to recover back a betterment assessment, assessed upon land of the plaintiff by the selectmen of Brighton, before the annexation of that town to the city of Boston, for the widening and alteration of Market Street, and paid by the plaintiff under protest. Trial in the Superior Court, without a jury, before *Pitman*, J., who found for the defendant. The plaintiff alleged exceptions, which appear in the opinion.

*G. H. Kingsbury*, for the plaintiff.

*T. M. Babson*, for the defendant.

MORTON, C. J. At the trial, the only question at issue was whether Market Street, a way situated in that part of Boston

which was formerly the town of Brighton, was a highway or a town way. This was a question of fact.

Brighton was formerly a part of the town of Cambridge, and the defendant introduced testimony tending to show that the way in question was laid out by the selectmen of Cambridge in the year 1656. It was admitted by both parties that it had been laid out in some way prior to the year 1690, and had been since an open public way.

The plaintiff contended that it was a county way, and asked the judge to rule, " as matter of law, that the town way, as embraced in the Massachusetts system of ways, was unknown to the law prior to the Prov. St. of 1693–4, *c*. 6, and that all ways opened prior to that date, and thereafter in continuous public use, were public highways and county roads, and not town ways."

In our system of public ways, the distinction between highways, technically so called, and town ways or private ways, consists in the fact that the former are laid out and may be altered or discontinued by the authorities having jurisdiction throughout the county, such as the county court, the court of general sessions, and, in modern times, the county commissioners, while the latter are laid out and may be altered or discontinued by the selectmen, with the approval of the town. In other respects they are alike, and equally parts of the system of public ways. *Denham* v. *County Commissioners*, 108 Mass. 202. *Flagg* v. *Flagg*, 16 Gray, 175. *Valentine* v. *Boston*, 22 Pick. 75.

This distinction has existed ever since the time of the Colony. In 1639, " the court of that county where such highways are to be made and laid out " was authorized to lay out highways; Anc. Chart. 126 ; and, in 1641, a Colony ordinance provided " that the select townsmen of every town have power to lay out (by themselves or others) particular and private ways concerning their own town, only so as no damage be done to any man without due recompense to be given by the judgment of the said selectmen, and one or two chosen by the said selectmen, and one or. two chosen by the party, and if any person shall find himself justly grieved, he may appeal to the next county court of that shire, who shall do justice therein as in other cases." Anc. Chart. 127.

The plaintiff contends that this statute authorized the laying out of private ways, but not of town ways. This construction cannot be adopted. The "private way" known to the modern statutes differs from a "town way" only in the fact that the selectmen may assess the whole or a portion of the damages of laying out, altering, or discontinuing such way upon the individuals for whose use it is laid out, or altered, or by whose application it is discontinued. In other respects, it is a part of the system of town ways. *Flagg* v. *Flagg, ubi supra.*

The St. of 1641 does not contemplate such private ways for the benefit of particular individuals, but as ways for the use of the town. It makes no provision for assessing the expenses upon persons who are benefited, but, by necessary implication, the "due recompense" to the parties damaged is to be paid by the town. Although towns were not then formally incorporated, and their powers and duties were not clearly defined, they were recognized by the colonial government as having certain aggregate powers and duties. The St. of 1639, above referred to, expressly enacts that the town shall make reasonable satisfaction to any man damaged by laying out a highway; and, as we have before said, the St. of 1641 reasonably implies that the damages caused by laying out a town way are to be paid by the town. The expression "particular and private ways concerning their own town" is used to distinguish the ways from county roads authorized by the earlier statutes. Substantially the same language is used to describe town ways in the statutes of the Province, and in an early statute of the Commonwealth. Prov. St. 1693–4 (5 W. & M.) *c.* 6, § 4; 1 Prov. Laws (State ed.) 137. Prov. St. 1727–8 (1 Geo. II.) *c.* 1, § 2; 2 Prov. Laws (State ed.) 453. Prov. St. 1736–7 (10 Geo. II.) *c.* 14; 2 Prov. Laws (State ed.) 834. St. 1786, *c.* 67.

We have no doubt that selectmen were authorized to lay out town ways prior to the St. of 1693. In *Valentine* v. *Boston, ubi supra,* the court held that Sea Street, which was laid out by the selectmen of the town of Boston in 1683, was laid out as a town way. We are therefore of opinion that the Superior Court properly refused the ruling requested by the plaintiff.

The plaintiff put in evidence a certified copy of a map or plan of the town of Cambridge, on file in the office of the secretary

of the Commonwealth, being a plan furnished and filed under a resolve of the Legislature passed June 26, 1794. This resolve required the inhabitants of the several towns and districts to cause to be prepared and filed in the secretary's office accurate plans of their respective towns or districts, for the purpose of preparing a map of the Commonwealth. It also required, among other things, that "the course of county roads" should be delineated and described on the plans. On the plan thus put in evidence the way in question was delineated, together with other ways admitted to be county roads, and there were also delineated on it brooks and other things not called for by the resolve. The plaintiff asked the judge to rule that the plan was conclusive evidence against the defendant, and estopped it to deny that Market Street as delineated thereon was a county road. The judge rightly refused this ruling. Even if the selectmen of the town, by a direct vote, had caused this way to be delineated and described on the map as a county road, it would not make it a highway. The town could not thus change a town way to a highway.

Whatever may be its weight as an admission by the town, if the whole evidence showed that Market Street was laid out as a town way, as the court has found to be the fact, it remained a town way notwithstanding this admission. There is nothing shown in the case which estops the defendant from showing the truth, that it was a town way. Neither the defendant nor its predecessor, the town of Cambridge, has done anything with a design to mislead the plaintiff, or which has misled him. The doctrine of estoppel has no application to the case.

*Exceptions overruled.*