377 Mass. 703 (1979)
387 N.E.2d 571
LEO CASAGRANDE & another
vs.
TOWN CLERK OF HARVARD (and a companion case[1]).
Supreme Judicial Court of Massachusetts, Worcester.
December 4, 1978.
April 3, 1979.
Present: HENNESSEY, C.J., BRAUCHER, KAPLAN, LIACOS, & ABRAMS, JJ.
Louis N. Levine (Charles G. Kadison, Jr., with him) for the plaintiffs.
Richmond T. Edes, Town Counsel, for the defendants.
ABRAMS, J.
The controversy before the court centers on whether a tract of land fronting on Sawyer Lane, a statutory private way in the town of Harvard, may be divided without planning board approval as a tract of land as to which approval under the Subdivision Control Law is not required. See G.L.c. 41, §§ 81L, 81P. At issue is whether a "statutory private way"[2] is a "public way" or is a "way *704 maintained and used as a public way" and therefore a subdivision on such a way may be made without compliance with the requirements of the Subdivision Control Law. G.L.c. 41, §§ 81K-81GG.
The Casagrandes, owners of the land, claim that their plan does not show a subdivision because all parcels have adequate frontage on Sawyer Lane. The Casagrandes assert that Sawyer Lane is a "public way" or is "maintained and used as a public way" and therefore the plan does not include or involve a "subdivision." G.L.c. 41, §§ 81L, 81P. The judge entered judgments for the town clerk (clerk) and for the planning board of Harvard (planning board), ruling that Sawyer Lane was not a public way or used as such, and that approval under the Subdivision Control Law was therefore required. The Casagrandes filed an appeal, which we transferred to this court sua sponte. We affirm the judgments.
The parties submitted a statement of agreed facts and exhibits, which we summarize as follows. The plan which the Casagrandes submitted to the planning board showed division of their land into sixteen lots all fronting on Sawyer Lane. The planning board was requested to endorse the plan "approval under the subdivision control law not required." See G.L.c. 41, § 81P. The Casagrandes also submitted to the clerk for endorsement two certificates, one stating that Sawyer Lane is a public way, and the other that Sawyer Lane is maintained and used as a public way. See G.L.c. 41, § 81L, twelfth par., cl. (a); G.L.c. 233, § 79F.
*705 The planning board filed with the clerk a letter stating that the plan constituted a subdivision which required approval. The clerk refused to endorse the certificates as requested by the Casagrandes, stating that she had insufficient knowledge to make any determination. The Casagrandes appealed from the decision of the planning board (G.L.c. 41, § 81BB), and requested declaratory relief and relief in the nature of mandamus against the clerk.[3]
The Casagrandes own the entire length of Sawyer Lane. Sawyer Lane is a narrow way which begins at Sheehan Road in Littleton, a private way. Although a portion of Sawyer Lane in Littleton is paved, Sawyer Lane in Littleton has never been laid out or accepted as a town way or as a statutory private way. Sawyer Lane in Harvard is a dead-end street accessible by vehicle only over Sheehan Road.
The portion of Sawyer Lane shown on the plan submitted to the planning board is composed of sand and gravel. On the plan submitted to the board Sawyer Lane, which services two houses, varies in width from eight to eleven feet and is too narrow for two vehicles to pass without driving on the grass.
For at least fifty years prior to institution of this action, Harvard maintained Sawyer Lane by removing snow, and by gravelling, grading, and removing brush.[4] In the 1930's the towns of Harvard and Littleton jointly widened Sawyer Lane to facilitate snow plowing. In 1945, the selectmen of Harvard, pursuant to authority from the town meeting, officially named Sawyer Lane; and in 1970, Sawyer Lane was included on a "List of Public Roads." The town of Harvard received reimbursement under G.L.c. 81, § 26, for the cost of maintaining Sawyer *706 have previously endorsed, as not requiring approval, plans showing division[5] of parcels bordering on Sawyer Lane. On past deeds and plans Sawyer Lane has been consistently referred to as a private way owned by the Casagrandes or their predecessors in title.
The Casagrandes claim that Sawyer Lane is a "public way" or is "maintained and used as a public way." Thus they assert that the plan they submitted was not a "subdivision" subject to regulation under the Subdivision Control Law, G.L.c. 41, §§ 81K-81GG. A "subdivision" is defined as the division of a tract of land into two or more lots. See G.L.c. 41, § 81L. However, exempted from the definition is a division in which every lot within the tract "has frontage on (a) a public way or a way which the clerk of the city or town certifies is maintained and used as a public way...." G.L.c. 41, § 81L, twelfth par., cl. (a).[6]
The Casagrandes claim that Sawyer Lane is a public way although it was laid out by the selectmen of Harvard and accepted by the town meeting as a private way pursuant to Rev. Sts. 1836, c. 24, § 66, et seq., as amended by c. 86 of the Acts of 1842 (now G.L.c. 82, § 21, 23). The Casagrandes agree that the record title indicates Sawyer Lane is a private way and that statutory private ways are not expressly mentioned in § 81L, twelfth par., cl. (a). *707 They contend, however, that these facts are not decisive because our prior cases have held statutory private ways to be public ways in substance. See Butchers' Slaughtering & Melting Ass'n v. Boston, 139 Mass. 290, 291 (1885); Davis v. Smith, 130 Mass. 113, 114 (1881); Denham v. County Comm'rs of Bristol, 108 Mass. 202, 204-205 (1871). They also rely on Flagg v. Flagg, 16 Gray 175, 180 (1860), where we held that the public has a right to pass over a statutory private way. Thus, the Casagrandes conclude that statutory private ways are included in the term "public ways." We disagree.
The Legislature created statutory private ways and has, by various statutes, continued to differentiate between statutory private ways and public ways. See, e.g., G.L.c. 41, §§ 74-77; G.L.c. 82, §§ 21-24; G.L.c. 84, §§ 1, 6, 12-14; G.L.c. 85, §§ 3A-3B. See also St. 1975, c. 551, as appearing in St. 1977, c. 693, § 2 (G.L.c. 40, § 6N). The Legislature presumably knew of the existing statutes. See Mathewson v. Contributory Retirement Appeal Bd., 335 Mass. 610, 614 (1957). We think the fact that the Legislature chose not to include statutory private ways in § 81L, twelfth par., cl. (a), is fatal to this aspect of the plaintiffs' claim.
Further, the clear expression of legislative intent in the Subdivision Control Law appears to negate any argument that the failure to include statutory private ways in cl. (a) of § 81L, twelfth par., was inadvertent or accidental. In G.L.c. 41, § 81M, planning boards must administer that law with due regard for adequate access to all lots "by ways that will be safe and convenient for travel; for lessening congestion in such ways and in the adjacent public ways; for reducing danger to life and limb in the operation of motor vehicles; for securing safety in the case of fire, flood, panic and other emergencies...." G.L.c. 41, § 81M, as amended through St. 1969, c. 884, § 2.
Sawyer Lane is composed of sand and gravel, and is not wide enough to accomodate two vehicles simultaneously. Clearly, Sawyer Lane would not provide safe and convenient *708 access to sixteen additional dwellings, and is not adequate for securing safety in case of fire, flood, panic, or other emergencies as required by the Subdivision Control Law. G.L.c. 41, § 81M.
From a reading of § 81L and § 81M it appears that the Legislature did not intend the words "public way" to include statutory private ways. Rather it appears that exemptions or exceptions under cl. (a) of § 81L, twelfth par., would be limited to public ways or ways maintained and used as public ways so that the standards of § 81M would be met by most tracts of land qualifying under cl. (a).
Moreover, land use restrictions have been interpreted to effectuate the goal of providing adequate access to new housing developments in other jurisdictions. In Trottier v. Lebanon, 117 N.H. 148, 150 (1977), the court interpreted a zoning ordinance requiring frontage "along the nearest street." The court interpreted "street" to mean an access route suitable for travel because the evident purpose of the provision was to provide access for police and fire departments, as well as other agencies charged with protecting the public peace, safety, and welfare. See also Noble v. Township Comm. of Mendham, 91 N.J. Super. 111, 117-120 (1966). We find this approach persuasive, and conclude that there was no legislative intent to include statutory private ways in § 81L, twelfth par., cl. (a).
The Casagrandes argue that even if Sawyer Lane is not a "public way," it is "maintained and used as a public way." They argue that the clerk is required, on the basis of the public records, to certify that Sawyer Lane is maintained and used as a public way.
The exemption relied on by the Casagrandes applies only if the way is both maintained and used as a public way. There was some evidence that Sawyer Lane had been maintained by the town of Harvard. However, the Casagrandes did not produce any evidence that Sawyer Lane is actually used as a public way or that Sawyer Lane was maintained as a public way. See G.L.c. 40, §§ 6C, 6D (town may remove ice and snow from private ways open *709 to public use). In the absence of such evidence, we cannot say that the clerk was required to certify Sawyer Lane as a way "maintained and used" as a public way.
Since we find that a statutory private way is not as a matter of law a "public way" under the Subdivision Control Law, a development on a statutory private way requires planning board approval under G.L.c. 41, § 81L, twelfth par., cl. (a), unless it is both maintained and used as a public way.
Judgments affirmed.
NOTES
[1] Leo Casagrande & another vs. Planning Board of Harvard.
[2] A statutory private way is a way laid out and accepted by town officials "for the use of one or more of the inhabitants...." G.L.c. 82, §§ 21, 23. Statutory private ways may be relocated, altered or closed on application of persons for whom the way was laid out and accepted. In the event of relocation, alteration or discontinuance, the persons making such application must indemnify the town for all damages and charges. Repairs on a private way may be made by the town on application of any person, provided the town is reimbursed for most expenses. Cf. G.L.c. 82, § 24. Some public money may be appropriated for removal of snow and ice from private ways if a town elects to do so. See G.L.c. 40, §§ 6C, 6D.

Town ways are established for the use of the town and must be maintained at public expense. See G.L.c. 82, § 21; G.L.c. 84, § 1.
[3] The actions against the planning board and the clerk were consolidated in Superior Court.
[4] The town discontinued maintenance when this action was initiated.
[5] The records and the exhibits are unclear as to whether the endorsement "approval not required" is based on G.L.c. 41, § 81L, twelfth par., cl. (a), or § 81L, twelfth par., cl. (c). See G.L.c. 41, § 81P.
[6] At trial the Casagrandes waived any argument concerning the applicability of two other provisions of § 81L which exempt from the definition of subdivision a division of land in which each lot has frontage on "(b) a way shown on a plan theretofore approved and endorsed in accordance with the subdivision control law, or (c) a way in existence when the subdivision control law became effective in the city or town in which the land lies, having, in the opinion of the planning board, sufficient width, suitable grades and adequate construction to provide for the needs of vehicular traffic in relation to the proposed use of the land abutting thereon or served thereby, and for the installation of municipal services to serve such land and the buildings erected or to be erected thereon." G.L.c. 41, § 81L, twelfth par., cls. (b), (c), as amended through St. 1965, c. 61.