ROBERT MARTIN & another[1] *vs.* BUILDING INSPECTOR OF
FREETOWN.

No. 93-P-262.

Bristol. January 17, 1995. - May 9, 1995.

Present: ARMSTRONG, KASS, & GILLERMAN, JJ.

*Way*, Public: what constitutes; establishment; discontinuance. *Zoning*,
Validity.

Plaintiffs properly sought by a declaratory judgment action judicial deter-
mination whether a way was a public way, and they were not required
to have first exhausted any administrative remedies. [510]
A judge's conclusion in a declaratory judgment action, that a certain way
was laid out by public authority in 1763 and had not been subsequently
discontinued, was supported by the evidence and was not clearly errone-
ous. [510-512]

CIVIL ACTION commenced in the Superior Court Depart-
ment on April 20, 1989.
A motion to dismiss was heard by *Richard F. Connon*, J.,
and the case was subsequently heard by *William H. Carey*,
J.
*Gregory N. Jonsson* for the defendant.
*Richard E. Burke, Jr.*, for the plaintiffs.
KASS, J. If Lang Road, on which the plaintiffs' parcel
fronts, is a public way, the plaintiffs, subject of course to
other zoning and building requirements, may build a manu-
facturing facility on their property. A judge of the Superior
Court determined that what is currently known as Lang
Road was laid out as a public way by the selectmen of Free-
town on June 7, 1763, and never discontinued. From a judg-
ment so declaring, the building inspector has appealed. We
affirm.

---

[1]James Enos.

1. *Procedural issue.* The building inspector moved to dismiss the complaint on the ground that the dispute was fundamentally a zoning controversy as to which the property owners were required first to exhaust administrative remedies. Although direct resort to judicial determination of the validity of a zoning regulation may be made under G. L. c. 240, § 14A, the building inspector is correct that a complaint under G. L. c. 231A asking for a declaratory judgment as to zoning status — a question different from the sort contemplated by c. 240, § 14A — does not lie until the administrative avenue provided by G. L. c. 40A has been followed. See *Clark & Clark Hotel Corp.* v. *Building Inspector of Falmouth*, 20 Mass. App. Ct. 206, 209-214 (1985); *Gamsey* v. *Building Inspector of Chatham*, 28 Mass. App. Ct. 614, 615-616 (1990).

Indeed, the question which the plaintiffs wish to have decided may have zoning consequences, but that question, the status of a road, is not itself a zoning question. Whether land is a public way is a subject of judicial inquiry. See, e.g., *Doherty* v. *Belmont*, 396 Mass. 271, 274 (1985); *Fenn* v. *Middleborough*, 7 Mass. App. Ct. 80, 83 (1979). It is not subject matter within the specialized field or local knowledge of the administrative agency. See *Murphy* v. *Administrator of the Div. of Personnel Admn.*, 377 Mass. 217, 220-221 (1979); *Clark & Clark Hotel Corp.* v. *Building Inspector of Falmouth*, 20 Mass. App. Ct. at 212. Accordingly, the plaintiffs were not obliged to exhaust administrative remedies — notably seeking relief from the board of appeal of Freetown (before which the plaintiffs had earlier unsuccessfully sought a variance) — and could maintain their declaratory judgment action.

2. *Status of Lang Road.* Land may acquire the status of a public way through (1) prescription; (2) prior to 1846, dedication by the owner to permanent and unequivocal public use; and (3) laying out by public authority in a manner prescribed in G. L. c. 82, §§ 1-32. *Fenn* v. *Middleborough*, 7 Mass. App. Ct. at 83-84. *Rivers* v. *Warwick*, 37 Mass. App. Ct. 593, 594-595 (1994).

In aid of the proposition that the way known as Lang Road had been established as a public way by the third method, the plaintiffs, who had the burden of proving the proposition, offered, among other evidence: old plans, particularly one of the roads laid out by the selectmen June 7, 1763; a 1979 United States Geological Survey map on which the 200 year old road system could be traced; the testimony of an experienced local surveyor who was also the director of the Freetown Historical Society; and minutes of the town meeting of Freetown of March 29, 1764. The trial judge also took a view.

The warrant for the March 29, 1764, town meeting stated as among those items of business on which the inhabitants were to act "what they think proper in respect of highways, lately laid out by the selectmen of Freetown on June 7, 1763." A note in the left hand border of the town records states "voted," a notation the trial judge read as signifying acceptance by the town meeting of the highways the selectmen had laid out. Those proceedings could reasonably be found to have been in the manner now prescribed in G. L. c. 82 for the laying out (§ 21) and acceptance (§ 23) of public ways by towns. When the judge superimposed over each other the 1763 plan, the 1979 United States Geological Survey map, and Freetown assessors' maps, he observed a high degree of congruence of the road system. He determined that the portion of road in question had been laid out "for the use of all citizens, rather than merely as access to certain private property." Freetown has taken no formal steps to discontinue Lang Road or any other part of the highway system of which it is a segment. See G. L. c. 82, §§ 30 and 32A, as to the discontinuance of public ways. Non-use or apparent abandonment of a public way by a town does not result in a discontinuance of the public status of the way. See *Carmel* v. *Baillargeon*, 21 Mass. App. Ct. 426, 428 (1986); *Boy Scouts of America, Cape Cod & Islands Council, Inc.* v. *Yarmouth*, 32 Mass. App. Ct. 713, 718 (1992). Compare *Rivers* v. *Warwick*, 37 Mass. at 594-595, in which the town voted to discontinue certain old roads.

To be sure, there was evidence from which different and possibly contrary inferences could be drawn. Resolution of conflicting tendencies in the evidence, however, was for the judge and we do not disturb his findings of fact unless they are clearly erroneous. Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974). The judge's findings have, as we have described, support in the evidence and are emphatically not clearly erroneous.

The building inspector calls to attention that the town's vote of acceptance was conditioned on "the inhabitants of that part called New Freetown mak[ing] that new road sufficient for travellers to pass and repass comfortably and maintain[ing] the same forever." Some of the highway network envisioned in 1763 had not so been maintained and the building inspector offers the argument that the public way status of the unmaintained roads (which include Lang Road) terminated because of a breach of condition. As we have already remarked, however, it requires an active vote by the local body to discontinue a public way. The obligation of maintenance fell not on abutters of the ways but inhabitants of New Freetown. It appears to have been part of the formal act of dedication and acceptance. Similar language now appears in G. L. c. 84, § 1: "Highways and town ways shall . . . be kept in repair at the expense of the town in which they are situated, so that they may be reasonably safe."

3. *Conclusion.* The first paragraph of the judgment, declaring that the way in Freetown known as Lang Road is a public way, is affirmed. The second paragraph rules that the locus has sufficient frontage along Lang Road to meet the requirements for a building permit in Freetown. That the number of feet, 426.5, for which the plaintiffs' property runs along Lang Road exceeds the 175 feet required under the Freetown zoning by-law was not disputed. Since the proper inquiry of the court was the road's status as a public way rather than the zoning status of the locus, the second paragraph shall be struck from the judgment.

*So ordered.*